————o————

LOUISA BRUENSMANN, (LATE SCHAEFFER) *et al.*, Respondents, *vs.*
ANDREW CARROLL, Appellant.

1. *Conveyances—Interpretation—Intention—Verbal arrangement.*—When a grantor in a deed uses apt words showing what it was his intention to convey, that effect will be given to the deed, regardless of any verbal position or arrangement. [Rutherford v. Tracy, 48 Mo. 325, affirmed.]

*Appeal from St. Louis Circuit Court.*

*Krum & Patrick,* for Appellant.

The appellant stands by the doctrine of estoppel invoked, and by the total failure on the trial, to disprove his title and possession to lot 43, he being the owner and possessor of that lot.

*Stewart & Ralston,* for Appellant.

Where in a deed the general description is inconsistent with the particular description and also with the intention of the parties, as manifested by the deed itself, Courts will, in favor of the intention of the parties, reject the words of general description as a false demonstration. (2 Washb., on Real Prop., §§ 36, 37, 38.)

If the simple covenant of seizin be broken, the party is entitled to damages equal to the purchase money and interest. (Collier vs. Gamble, 10 Mo., 467; Rees v. Smith, 12 Mo., 347.)

WAGNER, Judge, delivered the opinion of the court.

By the record it appears that the parties were owners of adjoining lots, numbered 43 and 44, in Mills' addition to the city of St. Louis. The plaintiff owned and had a house situated on lot 44, and it was supposed by the parties that the house extended about nine inches on the side of lot 43, which was the property of defendant.

Whilst entertaining this belief, the plaintiff purchased of the defendant the strip of nine inches in length on the side of his lot supposed to be covered by her house, and paid him fifty dollars therefor. ·

The deed contained the statutory covenants of grant, bargain and sale, and the descriptive words after the granting clause, were as follows :

"A strip of nine inches more or less, off the east side of the east half of lot number forty-three, of block number two, in Mills' Addition to the city of St. Louis, or so much as is occupied of said lot by the house of the said party of the second part."

Then follows a more particular description by metes and bounds. It was subsequently ascertained, that the house was entirely on lot 44, and that no part of it was on the defendant's lot 43. Plaintiff then brought this action, for an alleged breach of seizin, to recover the purchase money. The trial was before the Court, without the intervention of a jury, and there was a judgment for the plaintiff. The declarations of law given and refused will show the theory upon which the case was tried.

For the plaintiff there was a declaration, that if the Court found from the evidence, that defendant, when he conveyed to plaintiff, had neither title to nor possession of the nine inches, more or less, which he purported to convey, then the plaintiff was entitled to recover her consideration money and interest from the date of the deed. For the defendant the Court declared, that if it was found from the evidence, that the house of plaintiff was wholly situate on lot 44, and it was further found from the evidence, that the description of the land in the deed, did not embrace or include any part of lot 44, then the plaintiff could not recover.

The Court refused two instructions asked for by the defendant. The first of the refused instructions was in the nature of a demurrer to the evidence, and was rightfully rejected, and the second was also essentially of the same character, and after reciting certain facts in evidence, declared as a conclusion of

law, that no recovery could be had. The declarations given for each the plaintiff and defendant, present the only question of any importance in the case, and that is, what land was con veyed or intended to be conveyed by the deed. If the parties intended there should be conveyed, and the deed actually did convey, a piece off of lot 43, then the case must be decided for the defendant, otherwise the judgment must stand for the plaintiff.

The conveyance is for nine inches, more or less, off the east side of lot 43, or so much as is occupied by the house of the plaintiff. This shows very clearly, that the minds of the parties were directed to the very land, on which the house stood and no other. The intention was to convey that, and that only. But if the defendant was not possessed of, and did not own that, then he conveyed nothing, and there was a total failure of consideration.

Greenleaf says, that the modern rule in construing deeds, is to ascertain the true intention of the parties, and to transpose the words, wherever it is necessary, in order to carry the general intention plainly manifested into effect. (2 Greenl. Cru. Tit. "Deed," Ch. 12, § 26.)

In the case of Rutherford vs. Tracy, (48 Mo. 325,) where many authorities are cited and examined, it was decided as the correct principle of law applicable to this question, that where the grantor uses apt or appropriate words, showing what it was his intention to convey, effect will be given to that intention, without regard to any mere verbal position or arrangement they may occupy in the deed.

The intention here seems to be very manifest. It was to convey the land on which the plaintiff's house was erected. That was the only thing had in view by the parties. The grantor undertook to do that, and nothing more. Every thing else may well be rejected as misdescription, so far as it is inconsistent with this essential and primary object. And as the grantor did not own or possess the land, he conveyed nothing.

I therefore think the judgment was right, and should be af firmed. The other judges concur.