MOORE, Defendant in Error, *vs.* OTIS, Plaintiff in Error.

1. Suit by attachment on a note given by B. F. O. & Co., was commenced before a justice against B. F. O. & —— O. The affidavit alleged that B. F. O. & —— O. (composing the firm of B. F. O. & Co.,) were non-residents. The firm of B. F. O. & Co. was really composed of B. F. O. & R. S. Upon appeal to the circuit court, the suit was dismissed as to —— O. Before or after this dismissal, (it did not appear which,) a plea in abatement was filed, denying the non-residence of B. F. O. & —— O. *Held,* the only issue to be tried upon the plea was, whether B. F. O. was a non-resident.

*Error to St. Louis Circuit Court.*

The case is stated in the opinion. The following instruction asked for the defendant was refused: " If the jury shall believe from the evidence that, at the time of the execution of the note sued upon, and the issuing of the attachment process, Benjamin F. Otis and Robert Scott alone composed the firm of B. F. Otis & Co., and not B. F. Otis & —— Otis, as is alleged in the affidavit upon which the attachment was sued out, and that, at the time of the execution of said note and ever since, the said Robert Scott has been a resident of, and resided and still resides in the state of Missouri, they ought to find for defendant on the plea in the nature of. a plea in abatement, notwithstanding the jury may believe that said Benjamin F. Otis was, at said time, a resident of Boston, Massachusetts." There was evidence that B. F. Otis and Robert Scott were partners in business, and had a house both in Boston and St. Louis. The style of the house in Boston was B. F. Otis & Co., and in St. Louis, Scott & Otis. Otis resided in Boston and Scott in St. Louis. It did not appear from the record, whether the attachment was levied upon partnership property or not.

*Hart & Jecko,* for plaintiff in error.

*C. Harding,* for defendant in error.

RYLAND, Judge, delivered the opinion of the court.

This suit was commenced before Mann Butler, Esq., a justice of the peace, in August, 1850. An attachment was issued,

affidavit being made by Chester Harding, Jr. The suit was originally against B. F. Otis & ——— Otis. The affidavit on which the attachment issued was as follows : " Chester Harding, Jr., being duly sworn, upon his oath says, that Benjamin F. Otis and ——— Otis, (composing the firm of B. F. Otis & Co.,) are justly indebted to John E. Moore, after allowing, &c., in the sum of one hundred and forty-eight dollars and twenty cents, on account of a promissory note made by said B. F. Otis & Co., and this affiant has good reason to believe and does verily believe, that said Benjamin F. Otis and ——— Otis are not residents of nor residing in the state of Missouri."

After notices were given, the defendants not having been served with process, judgment by default was rendered on the 14th of September, 1850. A motion was made by defendant on 17th September, 1850, to set aside the judgment by default; it was overruled, and an appeal was granted to the Circuit Court.

At November term, 1853, of the Circuit Court, the plaintiff, by his attorney, moved for leave to dismiss his suit as to ——— Otis ; this motion was sustained, and the cause was, by order of the court, dismissed as to ——— Otis. Afterwards, a trial was had on the issue made by the plea in the nature of a plea in abatement, denying the non-residence of B. F. Otis and ——— Otis.

I cannot find from the record of this case, now before me, whether the plea in the nature of a plea in abatement was filed, denying the non-residence of B. F. Otis and ——— Otis, before the plaintiff had leave to dismiss as to ——— Otis, or afterwards.

The cause alleged in the affidavit on which the attachment issued, was the non-residence of B. F. Otis and ——— Otis, the defendants in the suit. This non-residence was denied by the plea putting in issue the truth of the affidavit. The suit being dismissed as to ——— Otis, left the issue then to be tried in regard to the non-residence of B. F. Otis alone. This being the case, the instruction given by the court, that "The only question for the jury to determine is, whether Benjamin

F. Otis was, at the date of the attachment, a resident of or residing within the state of Missouri; if the jury believe from the evidence, that he was not a resident of nor residing in this state, they will find for the plaintiff upon the issue joined on the plea in abatement," was legal and proper from the evidence in the case preserved by the bill of exceptions.

It would have been improper to have given the instruction prayed for by the defendant, in respect to Robert Scott being a partner in the firm of B. F. Otis & Co., and not ———— Otis. Robert Scott was not mentioned in the affidavit, and from all that appears, was not known as a partner of B. F. Otis & Co. However this may be, when the suit was dismissed as to ———— Otis, it left B. F. Otis alone the defendant. The affidavit then may be considered as putting in issue alone his residence or non-residence; and the residence of Robert Scott was foreign to this issue, and the instruction in regard to it properly refused.

The judgment of the court below is affirmed, with the concurrence of the other judges.