WILLIAM R. GREENE *et al.*, Defendants in Error, *v.* M. S. BECKWITH, Plaintiff in Error.

1. *Attachment—Non-residence—Domicil.*—A man's residence, like his domicil, or usual place of abode, means his home, to and from which he goes and returns daily, weekly, or habitually, from his ordinary avocations and business, wherever carried on. The indefinite abode of a party in this State, and doing business herein, but without the intention of remaining here permanently, does not make him a resident of this State. Under the provisions of the Attachment Act, he is to be considered as a non-resident.

2. *Attachment—Residence—Evidence.*—The fact that a party describes himself in his business papers as being located in this State, when he has a permanent home in another State, is not competent evidence to prove that he is a resident of this State.

Greene et al. v. Beckwith.

*Error to Laclede Circuit Court.*

*E. B. Ewing* and *J. M. Richardson,* for plaintiff in error.

. I. The written declarations of the party, descriptions in legal or other documents, or treatment by official persons, are admissible on the question of residence, and the papers offered by defendant were improperly excluded—Phill. Dom. 87, 88 ; Smith et al. v. Croom, 7 Florida, 161 ; 12 Am. L. Reg. 263.    These papers show that defendant's business and employment were in this State for a long period continuously, embracing the date of the suing out of the attachment ; a part of that time in the military service of the United States, as clerk in the Paymaster's department, and, quitting that service, he still continued in this State on his own account, up to and after the attachment was sued out.    If it was competent to plaintiff to show by defendant's declarations and otherwise, where his family lived, and how and where he was employed, he (defendant) was certainly entitled to the benefit of the facts shown by the rejected documents, as well as to his own declarations in one of them as to his place of abode ; all tending to prove residence in Missouri.    And if the circumstance of his family being in Illinois at some time or other, (which plaintiff was permitted to show by his declarations,) was of any importance in determining the question at issue, it was certainly proper to allow defendant to show whether his family was there temporarily as sojourners or permanently, and for this purpose, as well as bearing directly on the issue raised by the plea in abatement, the rejected evidence was competent, and should have been admitted.

II. The instructions asked by defendant and refused should have been given—Matter of Thompson, 1 Wend. 45.

*Sherwood* and *Young,* for defendants in error.

The court committed no error either in giving or refusing instructions—State v. Anderson, 19-Mo. 241 ; 7 Mo. 292 ;

3 Mo. 464 ; 35 Mo. 357 ; Adams' Adm'r v. Abernathy, 37 Mo. 196.

HOLMES, Judge, delivered the opinion of the court.

This was a suit by attachment, on the ground of non-residence. The defendant filed the plea in abatement, putting in issue the fact of non-residence in this State, and upon this issue there was a trial and a verdict for the plaintiff, and afterwards a final judgment was rendered against the defendant. A motion for a new trial of the issue on the plea in abatement was made by the defendant for the reasons, as alleged, that the court erred in refusing instructions and in excluding testimony in his behalf. The evidence tended to show that the defendant had a farm in the State of Illinois, where he and his wife and family lived ; that he had said to several witnesses that his home was in Illinois ; and when sick on one occasion, he spoke of going home to his place, " sixty-eight miles out in the State of Illinois." There was also some proof that he had been engaged in business at various places in Missouri in connection with the military department, and had been a dealer in vouchers at Rolla and St. Louis, but there was no evidence that he had ever had a fixed domicil, or a permanent place of abode in this State, nor of any intention to abandon his domicil in Illinois, or to establish his residence in Missouri.

The court instructed the jury for the plaintiff that if they believed from the evidence that defendant was not a resident of the State of Missouri on the 25th day of January, 1864, they should find for the plaintiff; and refused to instruct them for the defendant, " that a man's residence is where he abides for a time, though not a definite time," and " that a man may have his domicil at one place and be a resident of a different place ; and if they believe from the evidence that defendant's family lived in Illinois, and he was abiding for an indefinite time in Missouri " on that day, they must find for defendant.

Upon the case made on the evidence, we think the first instruction given for the plaintiff placed the whole issue before the jury, and their verdict was fully supported by the evidence—Moore v. Otis, 20 Mo. 153. There was no error in refusing the defendant's instructions. The first one supposes that the place where a man is temporarily abiding is his place of residence, so as to make him a resident of this State within the statute, and was manifestly wrong. A man's residence, like his domicil, or usual place of abode, means his home, to and from which he goes and returns, daily, weekly, or habitually, from his ordinary avocations and business, wherever carried on—Chaine v. Wilson, 1 Bosw. (N. Y.) 673. In the sense of the attachment law, a man's residence is his home or habitation fixed in any place, without any present intention of removing therefrom—Stratton v. Bingham, 2 Sneed, 420; Sto. Confl. L. § 43. A mere residence of a temporary nature is not enough to constitute a man a resident of this State. It has been said that inhabitancy or residence does not mean precisely the same thing as domicil, but that they mean a fixed and permanent abode, or dwelling place for the time being, as contra-distinguished from a mere temporary locality of existence—Matter of Wrigley, 4 Wend. 602; S. C. 8 Wend. 134. The evidence all tended to show that the defendant's domicil and permanent place of abode or residence of himself and family was in the State of Illinois, and that his business and residence in this State were altogether of a casual and temporary character. This was not enough to constitute him a resident of this State within the meaning of the attachment act, and to negative the other direct testimony that his actual residence and domicil were in the State of Illinois; that is to say, he was not a resident of this State, but a non-resident.

The attachment act seems to contemplate the two distinct cases of residents and non-residents in marking out the grounds of attachment—R. C. 1855, p. 238, § 1 & 23. The " usual place of abode is declared to be the place where the

family of any person shall permanently reside in this State, and the place where a person having no family shall generally lodge—R. C. 1855, p. 732, § 53. When a person, having a usual place of abode in this State, absconds or absents himself from it, so that the ordinary process of law cannot be served upon him, or when he is about to remove out of this State with intent to change his domicil, an attachment will lie—§ 1. Here, the usual place of abode, as being the place of permanent residence of a man and his family, would seem to be understood as identical with domicil, within the meaning of the act. And one who is not a resident of this State, or is a non-resident as contra-distinguished from an absconding resident, must be taken to mean a person whose domicil, usual place of abode, or permanent residence is not in this State, but in some other State. The statute contemplates, in some measure, at least, the practicability of obtaining service on the defendant of the ordinary process of law. If the defendant have a domicil, usual place of abode, or permanent residence of himself and family, in this State, the service of ordinary process can be had upon him by leaving a copy at that place, with a white member of his family above fifteen years of age; but if he have no family, and no such place of abode or residence in this State, no such service can be had upon him. He may be served in any other manner, if he be found within the reach of process, whether he be a resident or non-resident of the State. But the statute authorizes an attachment on the ground of non-residence only; and if the defendant's domicil, usual place of abode, or permanent place of residence, be in another State, and he comes into this State without any intention to change his domicil or permanent place of residence of himself and family, and merely on temporary and transient business, however indefinite in point of time, he will not thereby cease to be a non-resident of this State within the meaning of the attachment law. The remedy by attachment is not overruled or suspended by such accidental or transient presence within the State, nor by the fact that he

is thus temporarily engaged in business here—Drake, Att. § 67 ; Rayne v. Taylor, 10 Lou. An. 726.

It is sometimes said that there is a difference between residence and domicil, and that domicil includes residence with an intention to remain—*animo manendi*. This may be very true, if understood as if residence was construed to mean the mere fact of residing, or not residing, in the State, as in the Matter of Thompson, 1 Wend. 43, under a statute which authorized an attachment against a debtor " who resides out of the State," in like manner as against a debtor " residing within the State." Mere residence, or residing within the State, in the naked sense of the word, will not constitute domicil ; nor does it constitute what was meant by the statute, when it provided for an attachment against a defendant who should not be a resident, or should be a non-resident, of this State. This does not depend upon the mere fact of residing, but on the question whether the defendant be a resident of the State, or a non-resident, in the sense of this statute ; and in that sense we take it to be one whose domicil, or whose usual place of abode, or permanent place of residence of himself, or of himself and family, if he have one, is not within this State. The wife and family follow the domicil of the husband, and his domicil is either that of his birth, or the place where he establishes a home for himself and family, his permanent place of residence and usual place of abode, *animo manendi ;* and in such a case, it matters not where his wife and family may happen to be for the time being.

The second instruction refused for the defendant supposed that the defendant's domicil might be in the State of Illinois, but yet that if he were personally abiding in Missouri for an indefinite period of time, he was not liable to this attachment. We think the instruction was properly refused.

Some further exception was made to the exclusion of testimony on behalf of the defendant. This evidence consisted chiefly in certain papers, in which the defendant was named, and which were dated at places in this State. We do not

think that the mere fact that the defendant dated his business papers in that way, was any competent evidence on the issue before the jury; and they were rightly excluded.

The judgment is affirmed. Judge Wagner concurs; Judge Lovelace absent.