ENGLEHART–DAVIDSON MERCANTILE COMPANY, Respondent, v. BURRELL SISTERS, Defendants, Appellants.

### Kansas City Court of Appeals, April 6, 1896.

1. **Attachment**: NONRESIDENTS: CHANGING DOMICILE: EVIDENCE. A view of the evidence in this case shows substantial evidence to go to the jury on the question of whether defendants were about to change their domicile.

2. ———: ———: INSTRUCTION: INVITED ERROR. Though there was no substantial evidence that the defendants were nonresidents, yet, as they submitted that question to the jury by their instruction, they can not complain.

3. ———: RESIDENCE: DOMICILE: INSTRUCTION. The terms residence and domicile in the statute concerning attachment mean practically the same, and instructions in this case properly submitted the question to the jury.

4. ———: AFFIDAVIT: VENUE. The affidavit for attachment in this case sufficiently shows the venue, as the notary's seal shows the county and state, and he is presumed to have administered the oath within his jurisdiction, and that is the sole purpose of the affidavit as to venue.

5. ———: INSUFFICIENT BOND: CURED BY JUDGMENT. Where the bond for attachment is insufficient, the trial court's attention should be called thereto; but after judgment defendant can not complain.

6. **Appellate Practice**: MOTION FOR NEW TRIAL: ARGUMENT OF COUNSEL. The appellate court can not consider the action of the trial court in restraining the argument of counsel where the bill of exceptions is silent in relation thereto, except affidavits filed in support of the motion for new trial.

*Appeal from the DeKalb Circuit Court.*—HON. WM. S. HERNDON, Judge.

AFFIRMED.

*Johnson, Rusk & Stringfellow* and *Harwood & Hubbell* for appellants.

(1)    There is no evidence that defendants were nonresidents of the state at the time this action was instituted.    "The place where any person having no family shall generally lodge shall be deemed the place of residence of such person."    R. S. 1889, sec. 6570, clause 17.    There is no evidence of the third allegation made in plaintiff's amended affidavit.    *Elliott v. Keith,* 32 Mo. App. 579.    There is no evidence of the second, fourth, fifth, sixth, and seventh allegations made in plaintiff's amended affidavit in attachment.    *Knapp v. Joy,* 9 Mo. App. 47; *Gens v. Hargadine,* 56 Mo. App. 245; *Distilling Co. v. Lock,* 59 Mo. App. *loc. cit.* 640; *Myers v. Boyd,* 37 Mo. App. 532.    (2)    Error, when once shown, is presumed to be prejudicial.    *Baughman v. Waterworks Co.,* 58 Mo. App. 576.    Defendants, in praying for the instructions given at their instance, did not waive the error committed by giving plaintiff's instructions.    *Cochran v. Railroad,* 113 Mo. *loc. cit.* 366; *Fenwick v. Bowling,* 50 Mo. App. 516; *Walker v. Hoeffner,* 54 Mo. App. 554.    (3)    The court's refusal to permit defendants' counsel to discuss the merits of the case in his argument to the jury was prejudicial error.    *Smith v. Telegraph Co.,* 55 Mo. App. *loc. cit.* 630; *Pugh v. Nichols,* 56 Mo. App. *loc. cit.* 395; 2 Encyclopedia of Pleading & Practice, 717, 713.    *Thomas v. Railroad,* 49 Mo. App. *loc. cit.* 117.    (4)    The filing of an attachment bond is a condition precedent to the jurisdiction of the subject-matter of the attachment proceedings.    *Stevenson v. Robbins,* 5 Mo. *loc. cit.* 21; *Austin v. Shoe Co.,* 30 S. W. Rep. (Ark.) 888; 7 Lawson R. R. & P., sec. 3498; *Smith v. Hackley,* 44 Mo. App. *loc. cit.* 620. If there be a bond filed, but not such a one as the stat-

ute creating the remedy requires, the case stands as though no bond at all had been filed. 3 Encyclopedia of Pleading & Practice, 30, note 3. The paper writing purporting to be an attachment bond is not such a one as the statute requires. R. S. 1889, sec. 527; 3 Encyclopedia Pleading & Practice, 36; Drake on Attachments [5 Ed.], sec. 127; 3 Encyclopedia Pleading & Practice, 85; *Pierce v. Johnson*, 18 Law. Rep. Annotated, 486; *Robards v. Samuel*, 17 Mo. 555. (5) Plaintiff's original affidavit in attachment and his amended affidavit in attachment are void for the reason that they show upon their faces that the oath was taken beyond the jurisdiction of the notary public who administered the oath. *Cook v. Staats*, 18 Barb. (N. Y.) 407; *Byrd v. Cochran*, 58 N. W. Rep. (Nebr. 1894) 127; *Avery v. Good*, 114 Mo. 290; *Burnett v. McCluey*, 92 Mo. 230.

*Kendall B. Randolph* and *Frank Costello* for respondent.

(1) The judgment is for the right party, and should not be disturbed. The instructions given on behalf of the defendants state exactly the same theory as those given for respondent. (2) The instructions are based on the evidence, and when read together declare the law properly. (3) Appellants' contention that the affidavit for attachment and the amended affidavit having been sworn to in Buchanan county, Missouri, before a notary public of Buchanan county, are void, is also without merit. No such question was raised, by motion or otherwise, in the circuit court. Both affidavits are good and sufficient. *Avery v. Good*, 114 Mo. 290; R. S. 1889, sec. 526; *Henderson v. Drace*, 30 Mo. 358. (4) Mere defects are waived by pleading to the merits or filing plea in abatement, and can not

be reviewed on appeal unless preserved by proper exception to the action of the court on a proper motion. *Henderson v. Drace*, 30 Mo. 358, see page 364; *Scovill v. Glasner*, 79 Mo. 454. The decision in *Barhydt & Co. v. Alexander*, 59 Mo. App. 188, is in conflict with *Avery v. Good*, 114 Mo. 290. It will not be presumed that an officer has violated his official duties. *Avery v. Good*, 114 Mo. 290, see page 296; *VonArsdale v. Krum*, 9 Mo. 397; *Wood v. Squires*, 28 Mo. 528; *Beardslee v. Morgan*, 29 Mo. 471; *Tevis v. Hughes*, 10 Mo. 380. (5) There is nothing in this bill of exceptions to support appellants' contention that the court did not permit counsel for appellants to argue to the jury that the original affidavit for attachment did not contain the grounds stated in the amended affidavit and that the amended affidavit was an afterthought and not true. *State v. Welsor*, 117 Mo. 570; *State v. Smith*, 114 Mo. 406.

GILL, J.—In May, 1894, the defendants, Burrell Sisters, came from Blockton, Iowa, to Maysville, Missouri, and there engaged in the millinery business. In April, 1895, the plaintiff, a corporation doing business at St. Joseph, Missouri, brought this action to recover the price of some goods sold to Burrell Sisters, and in aid thereof, sued out an attachment and levied on the defendant's stock of millinery at Maysville. In due season a plea in abatement was filed; there was a trial of the issues, and from a judgment sustaining the attachment, defendants have appealed.

The attachment affidavit on which the cause was tried, set up seven different grounds, including fraudulent contraction of the debt, fraudulent concealment and disposition of the property, etc., as well as the charges that defendants were nonresidents and were about to remove out of the state, with the intent to

change their domicile. However, at the close of the testimony, the court eliminated from the issues the charges of fraud, concealment, etc., because of the want of evidence to support them, and submitted alone the two charges of nonresidence, and that defendants were about to remove out of the state, with the intent to change their domicile.

I. It is first objected that there was no evidence to warrant the court in submitting the case to the jury; in other words, that the court should have sustained defendant's demurrer to the evidence. After a careful reading of the entire testimony, we find this point not well taken. There was, to say the least, some substantial evidence tending to prove that at the time the attachment was sued out the defendants were seeking to dispose of all the property they had in this state, for the avowed purpose of returning to their mother's home in Iowa. There was, then, evidence tending to prove that defendants were about to move out of the state, with the intent to change their domicile. We do not think, however, there was any evidence to prove the allegation that, at that time, the defendants were nonresidents of the state of Missouri. It is too plain for controversy that in May, 1894, the defendants left their mother's home in Iowa and went to Maysville, Missouri, with the view of establishing there a residence—a permanent domicile. They did not go there for a mere temporary purpose. However, since there was evidence tending to prove that defendants were about to change this domicile and return to Iowa, and there to renew or reestablish a residence, it was proper to overrule a demurrer to the evidence.

II. Notwithstanding the absence of any substantial evidence to prove that defendants were, at the institution of the attachment suit, nonresidents of the state, the defendants are not in a situation to complain

that such issue was submitted to the jury. If this was error, it was one committed at defendants' request. For, at the instance of said defendants, the court gave instructions numbered 1 and 2, which told the jury that there was "no evidence in this case that at the time of the suing out of the writ of attachment in this case, to wit, April 18, 1895, the defendants were about to remove their property and effects out of this state, with the intent to hinder, defraud, and delay their creditors, or that the defendants had fraudulently conveyed and assigned their property and effects so as to hinder and delay their creditors, or that the defendants had fraudulently concealed, removed, and disposed of their property and effects so as to hinder and delay their creditors, or that the defendants were about to fraudulently convey and assign their property and effects so as to hinder and delay their creditors, or that the defendants were about fraudulently to conceal, remove, and dispose of their property and effects so as to hinder and delay their creditors." And "that the *only issues to be passed on by the jury are, the charge made in the affidavit as to defendants being nonresidents of this state at the time the writ herein was sued out,* and as to the *charge as to being about to remove from this state at said time with intent to change their* domicile."

Following this were instructions defining residence or domicile, and declaring what plaintiff was obliged to show in order to prove nonresidence and removal of domicile. If defendants' counsel meant to rely on the fact that there was no evidence to prove their nonresidence, they should have included this in the instruction where the other five grounds were excluded, or requested the court to so declare in another instruction. But instead of this, the jury was, at their instance,

advised that the matter of nonresidence was in issue and for their determination.

III. We can see no just reason to complain of the court's instructions. They fairly presented the two issues; as to the defendants' nonresidence and whether or not they were about to move from the state. Nothing prejudicial to defendants could have resulted from giving plaintiff's first instruction—which, in effect, told the jury that plaintiff was entitled to their verdict, if it had established any one of the grounds on which the attachment was based—since, under defendants' first and second instructions the jury were advised that there was no evidence tending to prove any of the seven grounds set out in the affidavit, save and except the two relating to the nonresidence of the defendants, and that they were about to remove from the state, and that these were the sole and only matters the jury had to decide.

We may also remark that the court properly instructed the jury as to the matter of residence, within the meaning of the attachment law. "Residence" and "domicile," in the statute concerning attachment, mean practically the same. We have no need to invoke any statutory law of construction. This has been for many years the settled meaning of the word "residence" as used in the attachment law. *Chariton County v. Moberly*, 59 Mo. 238; *Greene v. Beckwith*, 38 Mo. 384.

The plaintiff's fifth instruction, relating to the weight the jury should give the testimony of the defendants, was an unnecessary and perhaps improper comment on the evidence; but it was clearly harmless, as we think. Reading all the instructions together, as one charge from the court, they seem to us to have fairly and impartially declared the law applicable to the case.

IV.  The objection urged against the validity of the attachment affidavit is answered by the decision of the supreme court in *Avery v. Good*, 114 Mo. 290.  It was claimed there, as here, that the affidavit was void because the venue thereof was not stated.  In that case, the only matter fixing the venue came from the impression of the notary's seal: "W. A. Peebles, Notary Public, Indiana." It was there said: "Here the notarial seal discloses the fact that the oath was administered by a notary public in the state of Indiana; and though no county is stated, still the presumption is that the affidavit was signed and the oath administered within his local jurisdiction; for it is not to be presumed that he violated his official duties.  This objection would not be well taken on a motion to quash the attachment suit, and for much stronger reasons it is not well taken in a collateral proceeding like this." The only difference between the two cases—the one just cited and that at bar—is, that here the notary's seal has, in addition to the name of the officer, the words: "Notary Public, Buchanan County, Missouri." We will presume, then, that the notary administered the oath to the affiant within his jurisdiction, to wit: Buchanan county, state of Missouri.  This is the sole purpose of stating the venue—that is, to show on the face of the affidavit, that it was made within the jurisdiction of the officer who administered the oath.

V.  In the motion for a new trial, for the first time, the defendants made some technical objections to the sufficiency of the attachment bond.  Such objections came too late.  There was a bond filed at the institution of the suit, and it was duly approved by the clerk.  If, then, the bond was for any reason insufficient, it was defendant's privilege to call the court's attention thereto and by motion require plaintiff to furnish and file another; which, if the plaintiff

failed to do, the action would have been dismissed. Sections 529, 530, Revised Statutes, 1889. Failing at the proper time, to ask a better and sufficient bond, defendant can not now complain after the cause has gone to judgment. *Henderson v. Drace*, 30 Mo. 358.

VI. We are not authorized to consider the complaint to the effect that the court wrongfully restrained defendant's counsel from discussing certain matters in the argument. These matters only appear on the face of affidavits by counsel, filed in support of the motion for new trial; there is nothing in relation thereto contained in the bill of exceptions. *State v. Smith*, 114 Mo. 406.

We discover no substantial error in the record and the judgment will be affirmed. All concur.