HENRY TIMMERMEIER, Appellant, v. FRANK A. WOLF, Respondent.

69 451
85 22

St. Louis Court of Appeals, February 23, 1897.

Practice, Appellate: APPEAL, WITHOUT INSTRUCTIONS GIVEN OR ASKED, OR EXCEPTION TAKEN. Where plaintiff duly perfects his appeal, but the record shows no instructions given or asked, nor exception taken by plaintiff to the ruling of the trial court and defendant excepts, but takes no appeal, nothing is presented for review by the appellate court, but the record proper.

*Appeal from the St. Charles Circuit Court.*—HON. E. M. HUGHES, Judge.

AFFIRMED; all the judges concurring, Judge BIGGS in the result.

*Louis H. Breker* and *William A. Garesche* for appellant.

No brief filed for respondent.

BOND, J.—This suit is upon two promissory notes, one for $317.25, the other for $451.05, each dated August 17, 1892, made by defendant payable to plaintiff one year after date, with interest at eight per cent, if not

paid within thirty days after maturity. The answer admitted the execution of the notes, but denied that they were unpaid. It further averred that defendant was in possession of plaintiff's farm, as tenant, under a lease expiring March 1, 1896; that while so holding he entered into a verbal contract with plaintiff to surrender said farm, in consideration of which, and the doing of certain work, plaintiff agreed to allow defendant $150. The answer further claimed $500 for work and labor in sowing wheat. It averred payment of money aggregating $762, and pleaded a set-off for $650. The reply denied the allegations of the answer and pleaded the statute of frauds as to the verbal agreement. On these issues the cause was submitted to the court without the aid of a jury. Defendant gave evidence tending to support the allegations contained in his answer. The court found that the notes in suit had been paid and discharged. It disallowed defendant's counterclaim for $500, but found in his favor for items of $20 and $60, and gave judgment for defendant for $80. Plaintiff duly perfected his appeal to this court.

An examination of the record shows that no instructions were asked or given, and that no exception was taken by plaintiff to the overruling of his motion for new trial. The record shows that defendant excepted to the overruling of said motion, but, as he did not appeal, nothing is before us for review, but the record proper. The answer of defendant states a defense to the notes and states a cause of action for the matters counterclaimed. There are no defects in the judgment entry. The result is that the judgment herein will be affirmed.

All concur; Judge BIGGS in the result.

BIGGS, J. (*concurring*).—This case comes here upon a full transcript. The appellant has also filed full

and satisfactory abstracts. The majority opinion states that no exception was saved to the action of the court in overruling the motion for a new trial, and that no appeal was taken. If this were the true state of the record there could be no review of the case at all. It could only be stricken from the docket. My reading of the record is so different from that stated, that I have deemed it proper to give my views of the case in a separate opinion:

The trial was had on the fourth day of December, 1894. A motion for new trial was filed three days thereafter. On the eighteenth day of February following the plaintiff filed what his attorneys denominated a supplemental motion for a new trial. Both motions were overruled on the thirteenth day of March, 1896, and the record shows that plaintiff excepted to this action of the court at the time and saved his exception. (Transcript, p. 106; Abstract, pp. 36 and 37). The appeal was taken on the fourteenth day of March, 1896. The order granting it will be found on page 12 of the transcript and page 4 of the abstract. The bill of exceptions was signed and filed within the time prescribed by the order of court. It follows that the plaintiff is entitled to have his appeal disposed of on its merits.

The plaintiff sued upon two notes, one for $450.05, the other for $313.25. Both notes are dated August 17, 1892, and both became due in a year. They bore no interest, provided they were paid at maturity.

The answer admitted the execution of the notes and pleaded payment. In addition the answer set up several counterclaims. It seems that defendant held a lease on the plaintiff's farm, expiring March 1, 1896. It was averred that in the fall of 1893, the plaintiff agreed to pay to defendant $150 if the latter would clean the brush from certain fence rows on the farm, haul the manure from the barn yard, scatter it over the land

and surrender full possession of the farm on March 1, 1894. Performance on defendant's part was alleged. It was also claimed that in the fall of 1893, the defendant at the request of plaintiff sowed one hundred acres of wheat for plaintiff, which it was averred was worth $500.

There was a reply putting in issue the new matter in the answer. The cause was submitted to the court without a jury. The court found that the notes were paid. The finding was that there was no agreement for the surrender of the lease, and also was against the defendant on the claim for sowing the wheat. The court allowed the defendant $20 for cleaning the fence rows, and $60 for hauling the manure. The plaintiff has appealed and complains of the admission of incompetent evidence; that there is no substantial evidence that the notes were paid; that the judgment on the counterclaim is unsupported by the evidence, and that the court committed error in overruling his motion for a new trial on account of newly discovered evidence.

The defendant testified that in September, 1892, he paid on the notes $42; in February, 1893, $260; on September 1, 1893, $460, making a total of $762. This left a balance of about $2.25 on the notes, which the defendant testified that the plaintiff agreed to cancel in consideration of the fact that a portion of the debt had been paid prior to its maturity. The defendant gave as an excuse for not taking up the notes, that the plaintiff represented that they were deposited in a bank in Alton, Illinois. The testimony of defendant as to the last payment was corroborated by another witness. This statement of the evidence is sufficient to show that we can not disturb the finding of the court on the question of payment.

Neither can we disturb the judgment on the counterclaim. The defendant testified that he cleaned up

Timmermeier v. Wolf.

the fence rows and hauled out the manure, under a contract with the plaintiff. In these matters he was corroborated by other witnesses. The finding of the court as to the value of his services was within the limits established by the testimony.

The objection to the admission of evidence pertains to the alleged agreement as to the surrender of the lease. As the finding was against the defendant on that item of the counterclaim, the plaintiff has no just grounds of complaint on that score.

The circuit court committed no error in overruling the motion for new trial on account of newly discovered evidence. In my opinion the motion was properly overruled on the ground that it was filed out of time. My views on the question are fully expressed in *Bank v. Porter*, 65 Mo. App. 451. The action of the court, however, is sustained by other good and sufficient reasons. The affidavits tend to show that the signature to two receipts is not the signature of plaintiff. One of the receipts purports to be for money paid to plaintiff by defendant for rent. This receipt was read in evidence, but it was entirely irrelevant and could not possibly have influenced the trial judge in his findings. The other receipt is for $260. The record does not show that this receipt was read in evidence. The witnesses talked about such a receipt, but that is all. Other facts contained in the affidavits would be merely cumulative evidence. The granting of new trials on account of newly discovered evidence is largely within the discretion of the trial judge. The foregoing statements show that the discretion has not been abused in this case.

For the foregoing reasons I concur in the affirmance of the judgment.