James v. Kansas City.

JENNIE JAMES, Respondent, v. KANSAS CITY, Appellant.

Kansas City Court of Appeals, June 4, 1900.

1. **Appellate Practice: EVIDENCE: INSTRUCTION: PRESUMP-
TION.** Where the evidence tends to support the theory of the
petition and the answer, and the instructions are not preserved,
the presumption is that the court properly declared the law.

2. **Trial Practice: CONFLICTING EVIDENCE: JURY.** Where the
evidence as to a matter of fact is conflicting, there is a question
for the jury and not the court.

3. **Evidence: PRIVILEGED COMMUNICATION: PHYSICIAN.**
Though a physician is incompetent to testify as to the knowledge
acquired in his professional capacity and which was necessary for
a proper diagnosis and prescription, yet such incompetency does
not touch facts which in no way are so necessary.

4. ———: ———: ———. The facts in this case do not warrant the
admission of the physician's testimony and if it were otherwise
the rejection of such testimony by the trial court was harmless.

5. **Appellate Practice: MISCONDUCT OF COUNSEL: BILL OF
EXCEPTIONS.** The only way matters occurring in the presence
of the court can be preserved is by incorporating them into the
bill of exceptions, and allegations in the motion for a new trial in
regard to the misconduct of counsel in his closing argument with
affidavits in support thereof, are insufficient.

6. ———: ———: ———: COURT'S DISCRETION. In order to se-
cure the review of the trial court in passing on the misconduct of
counsel in the closing argument, the statements in the bill of ex-
ceptions must be full and definite with the exceptions separately
stated and the specific grounds therefor; and the discretion of the
trial court will not be interfered with unless it manifestly appears
to be prejudicial.

7. **Appellate Practice: MISCONDUCT OF JURY: CONFLICT OF EVIDENCE.** Where the testimony in regard to the misconduct of the jury is conflicting and it is not clear whether the trial court found that the facts were satisfactorily established or, if established, were insufficient, the appellate court is not authorized to review the trial court's action.

Appeal from the Jackson Circuit Court.—*Hon. J. H. Slover*, Judge.

**AFFIRMED.**

*Robert B. Middlebrook* and *Herbert S. Hadley* for appellant.

(1) This statutory provision is not only in derogation of the common law, but its tendency is also to suppress the best evidence on the subject to which it relates. Hence the statute should be strictly construed, and the burden is on the objector to show that all the elements of exclusion exist. Linz v. Ins. Co., 8 Mo. App. 363; Gartside v. Ins. Co., 8 Mo. App. 592; Weitz v. Railway, 53 Mo. App. 39; Bowles v. Kansas City, 51 Mo. App. 416; Henry v. Railroad, 10 N. Y. Sup. 508; Kendall v. Gray, 2 Hilt, 306; Campan v. Tuttle, 39 Mich. 606.

*Henry J. Latshaw, Jr.*, for respondent.

(1) The next error claimed by appellant is the exclusion of certain evidence of Doctors Park, McDonald, Craig, Taylor and Watson. These physicians all attended plaintiff during different times in her life, as her physician. Their testimony was objected to by respondent upon that ground as being confidential communications. Henry v. Buddecke, 2 Mo. App. Rep. 789, loc. cit. 790; Streeter v. City of Breckenridge, 23 Mo. App. 244, loc. cit. 252; Weitz v. Railway, 53 Mo. App. 39; Norton v. City of Moberly, 18 Mo. App. 457, 459; Bowles v. Kansas City, 51 Mo. App. 416.

SMITH, P. J.—Action to recover damages for personal injuries.

It was alleged in the plaintiff's petition that during the night of March 28, 1897, she was walking upon the sidewalk of one of the streets in defendant city, and when she had reached a designated point thereon that on account of the defective and dangerous condition thereof one of the boards therein flew up as she stepped upon it, causing her to be tripped up and thrown violently against said board and into a hole in said sidewalk, in consequence of which she received serious injuries—specifying them. The answer was a general denial supplemented with a plea of contributory negligence. There was a trial and judgment for the plaintiff and defendant appealed.

The bill of exceptions recites that there was evidence adduced tending to support the allegations of both the petition and the answer. It appears that the instructions given and refused in the case are not presented by the record, the reason therefor being that the same were lost. In such case we are authorized to indulge the presumption that the trial court properly declared the law to the jury. Beck v. Dowell, 111 Mo. 506; Timmermeier v. Wolf, 69 Mo. App. 451. The case therefore is one where the issues under the pleadings and evidence were submitted by proper instructions to a jury, whose verdict was for the plaintiff.

The defendant makes the contention that it was a physical impossibility for plaintiff to have sustained the injury in the manner she claims. It is apparent from the face of the abstract that it does not present a tithe of all the pertinent evidence adduced at the trial. It is in effect conceded in the briefs of the counsel for defendant that it was contradictory. If the testimony of the plaintiff and that of the witness

Hayne is to be believed, it is easy to see that the injury may have happened in the manner the plaintiff claims. If the conditions existing at the *locus in quo* were as described by the witness Mrs. Stanley, and perhaps others, it may be conceded it would be quite difficult to understand how the injury could have happened, as it is claimed. The question was therefore one for the jury and not for the court to decide.

The defendant called as witnesses five different physicians who had during the eight years preceding the accident severally treated plaintiff for her various ills. One of them had been called to attend the plaintiff at the time of her injury, and he was asked to tell the jury what was the matter with the plaintiff at that time, and also on the next day when he again visited her professionally? Three others were asked whether they found on her body any bruises or contusions or any indications of a pelvic abscess? And still another was asked how many times he had treated the plaintiff in the years 1889 and 1890? The court, on the ground of incompetency, refused to allow the witnesses to answer the questions propounded to them by the defendant. Two of the three physicians last referred to, it appears, were finally permitted to testify to the number of times they had attended the plaintiff professionally, while a third was not; but in this action of the court we do not discover any error that was prejudicial to the defendant. Such testimony, as far as we can discover, had at most a very little bearing on the issues in the case, and whether admitted or rejected was, if any, of but slight importance.

Under the statute (section 4659, Revised Statutes 1899) a physician or surgeon is incompetent to testify concerning any information which he may have acquired from any patient while attending him in a professional character, which information was necessary to enable him to prescribe for such patient as a physician, or do any act for him as his sur-

geon.    The object of this statutory provision was, no doubt, to impress secrecy upon the knowledge acquired by a physician or surgeon while attending a patient in his professional capacity, whether acquired by conversation with his patient or as the result of observation or examination, and which knowledge was necessary to enable him to prescribe as a physician or to do some act for him as a surgeon.    An attending physician or surgeon is not disqualified to testify as to facts which he learned from his patient touching the latter's condition which were in no way necessary to enable him to treat such latter.    The burden of showing the disqualification rests on the party objecting to the testimony.

It indubitably appears from the testimony elicited from the several physicians called as witnesses by the defendant that the relation of physician and patient existed between each of them and the plaintiff at the time they acquired the knowledge of plaintiff's condition which the defendant's questions required them to disclose.    Presumably, when these physicians were called to attend the plaintiff they examined her for the purpose of enabling them to prescribe for her ailment.    The several diagnoses made by them were for no other purpose.    This rendered them *prima facie* incompetent to testify to their knowledge derived from such examinations, whether acquired from conversations or observations.    Defendant's several questions called for the disclosure of information which was acquired by the physicians in their professional capacity and which was necessary to enable them to treat the plaintiff for her ailments.    The facts thus sought to be elicited were either those upon which they based the conclusions as to the nature of her ailment or else that of the ultimate fact, which was the ailment itself.    These facts, it seems to us, were such as it was necessary for them to find out in order to successfully treat her.    The very object of the examination of the patient is to ascertain the nature of

his ailment to the end that proper treatment may be prescribed; and if the physician can disclose the knowledge thus obtained, which is none other than that upon which he bases his conclusion as to the ailment and the treatment to be prescribed, then, indeed, the statutory privilege is more fanciful than actual. If these physicians, or any of them, had knowledge of any facts pertinent to the issues about which they were competent to testify, they were not embraced in the defendant's offers or called for by any of the questions propounded.

If, however, it was competent for the physicians, or any of them, to testify as to any of the facts called for by the defendant's questions, still we can not think, in view of the entire evidence, that if the court had permitted the defendant's questions to be answered the result would have been different. The authorities cited in briefs of counsel we think sustain the views which we have just expressed.

The defendant assails the action of the court in refusing to grant it a new trial on the ground that counsel for plaintiff, in his argument to the jury, exceeded the bounds of legitimate argument. This is assigned in the motion for a new trial as one of the grounds therefor; several affidavits were filed along with the motion and in which certain remarks of plaintiff's counsel are set forth accompanied by a statement to the effect that the defendant at the time objected to such remarks but that the court refused to administer any rebuke to the plaintiff's counsel.

It nowhere appears from any recitals in the bill of exceptions itself that any such remarks of counsel were made, or that the defendant interposed any specific objection thereto, or that the court on such objection being made refused to rebuke the plaintiff's counsel, or to direct the jury to disregard such remarks, or that any exceptions were taken to the action of the court. The filing of a motion for

a new trial setting forth this as one of the grounds thereof, supported by affidavits, is not sufficient to preserve the matter for review by us. Mercantile Co. v. Burrell, 66 Mo. App. 117. The only way matters occurring in the presence of the court can be preserved is by incorporating them into the bill of exceptions. State v. Smith, 114 Mo. 406.

If the plaintiff's counsel in his argument gave utterance to statements of fact not justified by the evidence, or was guilty of any abuse of his privilege, the defendant should have made timely objections thereto; and if the court refused to administer to him a proper rebuke, then it should have excepted and preserved the matter and its exception thereto by incorporating the same in the bill of exceptions. Unless such matters appear from the recitals in the bill of exceptions they can not be noticed by us.

But if the objectionable remarks of counsel can be brought up for review in the manner which is attempted in this case, still, we would not be authorized to condemn the action of the court for the reason that it does not appear either from the motion or the affidavits that any specific objections were made to such remarks. A general objection in such case can avail nothing. The grounds upon which the objections were based should have been stated. In such case the discretion of the trial court should not be interfered with unless it manifestly appears from the record that the remarks complained of operated to the prejudice of the losing party. The statements of a bill of exceptions must be so full and definite as to present to the appellate court all matters essential to a clear and accurate apprehension of the questions involved. It must state each exception separately, the specific grounds on which it rests, and show each ruling to which the exceptions were addressed. The facts are quite as important as the exceptions; where the facts are not stated there is nothing requiring consideration.

When tested by these elementary rules it is clear the bill of exceptions in the present case has not sufficiently preserved the remarks of counsel or the objections interposed thereto, or the exceptions to the ruling and action of the court in respect to such objections, as to authorize any review by us of the action of the court. Mercantile Co. v. Burrell, *supra*; State v. Hayes, 14 Mo. App. 173; Roeder v. Studt, 12 Mo. App. 566; State v. Zumbunson, 13 Mo. App. 592; State v. Howard, 118 Mo. loc. cit. 145; State v. Hayes, 81 Mo. loc. cit. 576, 577.

As to the contention that the court erred in refusing to grant the defendant a new trial because of the alleged misbehavior of the jury, it is sufficient to say that the facts stated in the affidavits filed by defendant, and relied on by it as constituting such misbehavior, are contradicted by the affidavits filed by the plaintiff. We are unable to determine whether the court denied the new trial on the grounds that the facts relied on were not satisfactorily established, or, if so, that they were insufficient. Under such conditions we do not feel authorized to review its action or to condemn the same for error.

An examination of the case as disclosed by the record has convinced us that the judgment is for the right party and should be affirmed, which is ordered. *Ellison, J.*, concurs; *Gill, J.*, absent.