## ADA M. ESTES, Respondent, v. THE MISSOURI PACIFIC RAILWAY COMPANY, Appellant.

**Kansas City Court of Appeals, February 27, 1905.**

1. **PASSENGER CARRIERS: Pleading: General Averment: Making More Definite.** A petition charging the negligent acts of defendant's employees in permitting a collision is set out in the opinion and held not subject to a motion to make more specific.

2. ————: **Collision: Presumption: Negligence.** Where the evidence shows an injury resulting from a collision the presumption arises that the collision was negligent and casts the burden upon the carrier to repel such presumption and show unavoidable accident.

3. ————: **Ticket: Excursion Agent: Presumption.** Where the passenger presents a ticket issued by O, excursion agent, the only inference to indulge is that O was the carrier's agent to issue excursion tickets and cannot relieve the carrier from the careful management of its trains.

4. ————: **Collision: Evidence: Number of Casualties.** A person injured in a collision may testify, where his injuries are denied, as to the number of persons killed therein.

5. ————: **Passenger's Injury: Evidence: Complaints.** Where a passenger is injured in a collision, evidence relating to complaints made at the time is admissible.

6. ————: **Collision: Evidence: Degree of Care.** Evidence relating to negligence in permitting a collision is considered and held sufficient to support the finding of the jury, since certain precautions were not used and the carrier must use the highest degree of care to insure the passenger's safety.

7. ————: **Damages: Conflicting Evidence: Feigning Pain.** The question of the extent of a passenger's injury as also the one of his simulating pain are questions for the jury and on the facts in this case the verdict is not excessive.

8. ————: **Collision: Leaving Car: Poison Ivy: Stranger's Information.** A passenger was hurt in a collision but her car was in a fair condition, where she could have remained with safety. On information imparted by a stranger that another train was approaching she left the car and was poisoned with ivy in addition to the injuries received in the collision. *Held,* she ought not to be precluded from recovery for the injuries she sustained as a consequence, since she had a right to act on the information, though false.

Appeal from Morgan Circuit Court.—*Hon. J. E. Hazell,* Judge.

AFFIRMED.

*Wm. S. Shirk* for appellant.

(1)   The court erred in overruling the defendant's objection to require plaintiff to make her petition more definite and certain.   In truth, a demurrer might well have been lodged against it.   There can be no doubt but that it should have been made more definite and certain. Gurley v. Railway, 93 Mo. 445; 1 McQuillen, Pleading and Prac., sec. 280; Bedell v. Alexander, 8 Mo. App. 110; Gamage v. Bushell, 1 Mo. App. 418; Kerr v. Simons, 82 Mo. 275; Curren v. Railway, 86 Mo. 62; Benham v. Taylor, 66 Mo. App. 311; Wills v. Railway, 44 Mo. App. 53.   (2)   The demurrer to the plaintiff's evidence should have been sustained.   She did not prove a single allegation of her petition except the isolated averment that two trains collided.   This is not a case of *res ipsa loquitur,* and if it was, it was taken out of that class of cases by specific allegations, as to the cause of the collision, which, having been alleged, must be proved.   Schneider v. Railway, 75 Mo. 295; Waldheir v. Railway, 71 Mo. 514; Fuchs v. St. Louis, 133 Mo. 197.   (3)   It was error to admit the Ott excursion ticket, returning coupon, etc., in evidence, for many reasons.   (4)   It was error to allow plaintiff to testify as to the number of persons killed in the collision.   (5)   It was likewise error to permit Miss Ina Jolly, Miss Effie Jolly and Mrs. Emma Ashbrook, all non-expert witnesses to testify as to what plaintiff said to them from time to time, as to her injuries, and that she suffered pain, and was suffering pain at the time of the trial.   Such evidence was the merest hearsay, and self-serving statements.   Railway v. Lombard, 124 Pa. St. 114; Dundas v. City, 75 Mich. 502.   (6)   The col-

lision was the result of mere mischance, without negligence on defendant's part, and the jury, through prejudice, disregarded the first instruction given by the court. Under that instruction and the undisputed evidence in the case, the jury could have found but one verdict if they had not entirely ignored the instruction, or the evidence, or both. Carriers are not liable for pure accidents. Henry v. Railway, 113 Mo. 525; Harvey v. Railway, 6 Mo. App. 585; Guffey v. Railway, 53 Mo. App. 462. The presumption of negligence arising (as to passengers) from a collision between trains, is, of course, open to rebuttal by any evidence sufficient to overthrow it. Here, the uncontradicted evidence of the defendant, showing the utter absence of negligence, and the highest degree of care, overthrew such presumption. Smith v. Railway, 113 Mo. 70. (7) The verdict is grossly excessive, and evidences great prejudices, bias and sympathy on the part of the jury. That the plaintiff greatly magnified her injures is evident, even by cursory examination of the evidence.

*C. C. Lawson, John D. Bohling* and *Wm. Forman* for respondent.

(1) The court did not err in overruling defendant's motion to make plaintiff's petition more definite and certain. Malloy v. Railroad, 173 Mo. 75. The petition in this cause is copied after the petition of Clark v. Railroad, 127 Mo. 204; 4 Enc. of Forms Plead. and Prac., 5111. (2) The court did not err in overruling the demurrer to plaintiff's evidence. Clark v. Railroad, 127 Mo. 197; Lemon v. Chanslor, 68 Mo. 340; Furnish v. Railroad, 102 Mo. 438; Malloy v. Railroad, 173 Mo. 75; O'Connell v. Railroad, 106 Mo. 482; Waller v. Railroad, 83 Mo. 608; Jackson v. Railroad, 118 Mo. 224; Smith v. Railroad, 108 Mo. 243; Redfield on Carriers, sec. 347. (3) The court did not err in admitting the excursion ticket in evidence. McCoy v. Rail-

road, 36 Mo. App. 452. (4) The court did not err in allowing plaintiff to testify as to the number of persons killed by the collision. (5) The court did not err in permitting Miss Ina Jolly, Miss Effie Jolly and Mrs. Emma Ashbrook to testify as to complaint and pain by plaintiff. Gross v. Railway, 50 Mo. App. 621; Squires v. Chillicothe, 89 Mo. 230; Kennard v. Barton, 25 Me. 39; Quafs v. Railroad, 48 Wis. 573; Lush v. McDaniel, 13 Iredell 485; Rogers v. Craian, 30 Texas 4; Meeker v. Railroad, 178 Mo. 173, 188. (7) If a person is placed in a situation of danger by the defendant's misconduct, and is injured in a reasonable endeavor to extricate himself, such misconduct is the proximate cause of the injury, though it proceeds more immediately, and it may be, exclusively from plaintiff's own act. Sutherland on Dam., 63; McGee v. Railroad, 92 Mo. 209; Spohn v. Railroad, 87 Mo. 74; Atkinson v. Railroad, 90 Mo. App. 489; Doane v. Railroad, 17 N. E. 913.

BROADDUS, J.—The plaintiff sues to recover damages, the result of injuries alleged to have been caused by the negligence of defendant's employees. The petition alleges that on the morning of July 12, 1903, the defendant as a common carrier of passengers undertook for hire to transport plaintiff from Kansas City to Sedalia and return; that the train upon which she was a passenger, when it reached a point between Little Blue and Lee's Summit stations, on defendant's railroad, stopped because the engine drawing said train became disabled; that about said time another of defendant's trains, known as the "Fast Mail," running from St. Louis to Kansas City, was due at the place where said train upon which plaintiff was a passenger had so stopped; "that by and through the negligence, careless and reckless acts of the agents, servants and employees of the defendant in charge of the train upon which plaintiff was a passenger, and in charge of the

train known as the 'Fast Mail,' and in their utter disregard of the rights and safety of the plaintiff and their duty to her, carelessly, negligently, unlawfully and needlessly, and with a reckless disregard of plaintiff's rights and safety and of defendant's duty and obligation to plaintiff as its passenger, permitted said 'Fast Mail' train to strike, run into and upon and against the train upon which plaintiff was a passenger, and shattered, destroyed, demolished and wrecked the same; that plaintiff's person was caught and became entangled in said wreck and plaintiff was crushed and bruised and severely injured thereby.''

The defendant filed its motion to make the petition more definite, which the court overruled. The grounds of the motion were that the allegations of the petition as to the direct and proximate cause of the collision were mere general conclusions, and that it fails to allege wherein or in what particular defendant failed to exercise diligence, or what diligence they could have exercised to have prevented the accident. The action of the court in overruling said motion is assigned as error. In support of defendant's position on the action of the court in overruling its said motion we are cited, among others, to the following authorities. In Gurley v. Railway, 93 Mo. 445, it is held: ''Where the petition charges that plaintiff, who was attempting to make a crossing, was caught between two cars standing on defendant's side track by reason of its carelessness and negligence in drawing and forcing its cars together, a recovery cannot be had for negligence of the defendant in leaving cars standing on the track without securing them.'' That was a case where plaintiff relied on one specific charge of negligence and proved another and different act of negligence. In Kerr v. Simmons, 82 Mo. 269, the court held that neither evidence nor conclusion of law are to be stated in a pleading. But the facts should be stated to which the law is applicable.

The other cases cited have been examined and found to have no particular reference to the question.

The defendant insists that the petition attempts to charge specific acts of negligence, but, as stated, these allegations are uncertain and indefinite. The charge of the petition is that the injury was caused by the negligent acts of defendant's employees in permitting the two trains to collide. But it does not charge any particular employee with negligence. The case is, therefore, on all fours with that of Malloy v. Railroad, 173 Mo. 75, in which the petition charged that defendant, "did by its servants in charge of said car, and its servants in charge of another car, so carelessly manage and control said cars as to cause the same to collide." The court held that the petition was good and authorized a recovery upon proof of negligence on the part of any employee of the company connected with the movement of the cars.

Defendant contends that the allegations of the petition were not proved. There was sufficient evidence that plaintiff sustained injury from the collision of the cars; and it being admitted that there was such collision, a prima facie presumption arose that the collision was caused by negligence on the part of the carrier; and the burden was cast upon the latter to repel such presumption and to show that the injury was the result of an inevitable accident, or some cause which human precaution and foresight could not have averted. [Clark v. Railway, 127 Mo. 197; Lemon v. Chanslor, 68 Mo. 340; Furnish v. Railway, 102 Mo. 438.]

The plaintiff before she embarked on defendant's passenger train bought a ticket for her passage which was issued by one, "E. C. Ott, excursion agent, Kansas City, Missouri." Are we to infer from this that the train upon which plaintiff was a passenger was in charge of said excursion agent? We think not. The only legitimate inference to indulge, in the absence of proof to the contrary, is that said Ott was defendant's agent

for the sale of what is known as "excursion tickets." The trains in question were in charge of and operated by defendant at the time of the disaster; and there is no evidence in the record that the movements of said trains were under the direction of other than defendant. There can be no doubt but what the action of the court in overruling defendant's objection to the introduction of said ticket as evidence was right and proper.

The plaintiff was allowed, over defendant's objection, to testify as to the number of persons killed in the collision. This evidence was competent as it went to show the severity of the collision, and that was a part of plaintiff's case, as the defendant denied plaintiff's injury.

Two witnesses—Miss Effie Jolly and Mrs. Ashbrook—were permitted, against defendant's objections, to testify to complaints made from time to time of her sufferings. They stated that plaintiff complained of pain in certain parts of her body. Under the decisions of the appellate courts of this State, the evidence was competent. [Squires v. Chillicothe, 89 Mo. 226; Goss v. Railway, 50 Mo. App. 1. c. 621.] And such seems to be the common law. [1 Greenleaf on Evidence, section 102.]

There are other questions raised on the appeal that are not of sufficient importance to note. As the evidence of defendant did not satisfy the jury that the collision was unavoidable by the exercise of the greatest human caution, we are not at liberty to disturb their finding. In fact, the evidence does tend to show that the collision might have been avoided had those in charge of the movements of defendant's trains exercised proper care. Defendant's train on which plaintiff was a passenger became disabled and unable to proceed when at a point between stations, the nearest of which was Lee's Summit—about two and one-half miles forward—at which point it was to go upon the sidetrack to allow the "Fast Mail" from St. Louis to pass. After

the engine had been disabled, the engineer detached it from the train with the purpose of running to Lee's Summit; but after going some distance he found that owing to the exhaustion of steam he would not be able to reach said station before the arrival of the "Fast Mail" and he, therefore, returned with the engine to his own train. A flagman was placed at about a mile and a quarter from the train to flag the "Fast Mail" when it appeared. But the engineer of the latter train passed this flagman without seeing him. Another flagman was placed about a hundred yards in advance of the other train whom he saw; but the distance was so short that he did not have time to prevent the collision, although he made every effort possible to do so. There were no torpedoes placed upon the track as an additional precaution to give warning to the "Fast Mail," and the engineer stated that such was not the practice in such cases. Had the "Fast Mail" train been notified at Lee's Summit to stop there, as it should have been, or had torpedoes been placed upon the track at the proper points on the railroad track, the collision could have been avoided. These perhaps were extraordinary precautions, but the law requires the highest degree of care on the part of the carrier to insure the safety of the passenger.

It is urged that the verdict of the jury for $2,000, was grossly excessive; and as such it was the result of passion and prejudice. According to the evidence of the medical doctors, much of plaintiff's injury was feigned. These witnesses testified that at the time of the trial the plaintiff's ankle and the regions over her left side, of which she complained, were in a normal condition, except for some redness of the former, the result of poisonous ivy; that it was their opinion that she simulated pain. And that her left shoulder joint where she complained of pain was absolutely normal. Notwithstanding the testimony of these physicians, plaintiff complained of pain and suffering in the parts

indicated. But our understanding of the law is that, whether or not plaintiff was simulating pain was a question for the jury and not for this court. They had a right to disbelieve the doctors and to believe the plaintiff. And if what she stated was true the verdict is not excessive.

A part of plaintiff's injury was traceable to poisonous ivy. She came in contact with the vine that communicated the poison after she had got out of the wrecked car and gone to the shade on the side of the railroad. Defendant urges that this was not the proximate result of the collision, as there was no necessity for her to leave the car. Notwithstanding it was shown that the car in which she was a passenger was not badly injured, and was a suitable place for her to remain, yet, we think the circumstances justified her in leaving it. Someone stated in her hearing that another train was approaching in the rear and that there was likely to be another collision; and with a view of anticipating further danger, she left the car and became, as stated, poisoned on her ankle. Defendant contends that she was not authorized to leave the car upon information imparted by a stranger; and that she should have waited until she received information of further danger from some employee of the defendant. This position is wholly untenable. The plaintiff having just escaped, but not without injury, from an appalling disaster, the law did not require of her such precaution; but on the contrary makes allowance for the naturally disturbed mental condition under which she was laboring and the instinct to flee from apprehended danger, whether such apprehension was well founded or not. And she ought not to be precluded from recovery for the injury she sustained as a consequence. We have been cited to no authority directly in point, and if there be none the principle is sound and this case will afford the precedent. Cause affirmed. All concur.