## ST. LOUIS AND THE KANSAS CITY

# COURTS OF APPEALS

AT THE

### OCTOBER TERM, 1904.

---

*(Continued from Volume 110.)*

---

WILLIAM ESTES, Respondent, v. THE MISSOURI
PACIFIC RAILWAY COMPANY, Appellant.

**Kansas City Court of Appeals, February 27, 1905.**

1. **EVIDENCE: Contradiction of Witnesses: Stenographer's Notes: Jurymen.** Where a party seeks to contradict the evidence of witnesses against him by their testimony at a former trial, the stenographer's notes taken at such trial are the best evidence and it is error to admit the testimony of jurymen in such trial, since their testimony, being less reliable, is secondary in character.

2. **TRIAL AND APPELLATE PRACTICE: Misconduct of Attorney: New Trial.** Certain conduct of an attorney in the closing argument is not properly before the appellate court, since no proper exception was saved to the action of the court in failing to rebuke the attorney; but in view of a new trial it is suggested that such conduct deserves rebuke and the failure to administer the same would be reversible error.

3. **PASSENGER CARRIERS: Pleading: Negligence.** Other points in this case are decided in the opinion of Estes v. Railway, 110 Mo. App. 725.

Appeal from Morgan Circuit Court.—*Hon. James E. Hazell*, Judge.

REVERSED AND REMANDED.

*Wm. S. Shirk* for appellant.

(1)   It was gross error to permit the plaintiff to introduce the rebutting evidence of Peter Porter, James Campbell and Thomas Newkirk, jurors in the case of Ada M. Estes against the Missouri Pacific Railway Company, tried a week before, to contradict the evidence of C. C. Crews and S. C. McVey, witnesses for the defendant. The stenographer's notes of the evidence of these witnesses, properly transcribed and testified to by him, was the best evidence. R. S. 1899, secs. 10126, 10129. While such notes are not infallible, they are better than mere memory, after such a period as elapsed between the first case and this one. Padgett v. Moll, 159 Mo. 156; Bradley v. City, 90 Mo. App. 424, 425.   (2)   It was error to refuse to grant defendant a new trial on account of the improper remarks made by counsel for plaintiff in the closing argument to the jury. Marble v. Walters, 19 Mo. App. 134; Smith v. Tel. Co., 55 Mo. App. 634; Ensor v. Smith, 57 Mo. App. 596; Andrews v. Railway, 71 N. W. 377; Taylor v. Railway, 79 N. W. 18; 1 Thomp. on Trials, secs. 264-266.

*C. C. Lawson, John D. Bohling* and *Wm. Forman* for respondent.

(1)   The court did not err in permitting the evidence of Porter, Campbell and Newkirk, jurors in the case of Ada M. Estes v. Missouri Pacific Railroad Company, tried a week before this cause, to contradict the evidence of C. C. Crews and S. C. McVey, witnesses for the defendant. Article IV, chapter 168, Revised Statutes of 1899, does not change the rule of evidence of impeaching witnesses by showing contradictory statements to their evidence made on a former occasion. This

act establishes the office of official stenographer and defines his duties. (2) As to the appellant's last assignment of error, viz.: that a new trial should have been granted on account of the improper remarks made by counsel of plaintiff in the closing argument to the jury, we desire to call the court's attention to the fact that no exceptions were saved to the action of the court in not reprimanding the attorney. 4 International Ency. of Surgery, p. 687.

BROADDUS, J.—This case in its most important particulars is like that of Estes v. Railway, 110 Mo. App. 725. William Estes is the husband of the said Ada M. Estes and was with his wife at the time of the collision described in her said case, and he claims that he was also injured at the same time. Most of the questions raised in that case are similar to those raised in this. It is, therefore, unnecessary that they be noticed further. We will only consider such points here as are not common to both cases. The plaintiff recovered a judgment for $2,500, from which defendant appealed.

We will notice only two questions peculiar to this case, viz: That the court erred in the admission of improper and the rejection of proper evidence; and that the verdict of the jury was the result of prejudice and passion brought about by the misconduct of one of plaintiff's attorneys at the trial.

The court against defendant's objections admitted the evidence of three of the jurors in the Ada M. Estes case to contradict the evidence of defendant's witnesses, C. C. Crews and S. C. McVey, who also testified in that case. Defendant contends that the best evidence of what these witnesses testified to was a transcript of the stenographer's notes taken at the time. We are cited to the case of Padgitt v. Railway, 159 Mo. 143; but that case does not decide the question. All that the court does say in that respect is: "The purpose of having the testimony taken down in shorthand is to preserve it for fu-

ture reference after a period has elapsed during which it might not be so well remembered,'' etc. In Bradley v. Spickardsville, 90 Mo. App. 416, it was held by this court that the stenographer's notes were more accurate and reliable than the memory. And that case is not in conflict with the Padgitt case, supra, where the court held that it was error to have the stenographer's notes taken at the trial in progress read to the jury.

It seems to us that the stenographer's notes were the best evidence of what the three witnesses testified to at the trial of the other cause. Formerly there was no other mode of contradicting a witness in that respect. But since the adoption of the statute providing for shorthand notes to be made of the evidence during the trial of a case, the former method becomes secondary in its character, because less reliable. It was, therefore, error to admit the secondary evidence when the best evidence was procurable.

One of plaintiff's attorneys in his closing speech to the jury, used, as recited in the record, the following language:

"Gentlemen of the jury, Judge Shirk opened his argument about how long he had been practicing law and a history of his life, and then Mr. Wray closed to the jury with a statement about how long he had lived and practiced law in Morgan county. There is a man on this jury, Mr. Rankin, who signed a petition with me to build this courthouse in this county, where I was born and where I studied my profession and was admitted to practice my profession, and never did I think I could stand in this temple of justice in defense of a man whom I believe to have been injured by the negligence of the employees of a railroad and be insulted by having one of the witnesses of the defendant shove his shell game at me.''

At this point defendant's counsel said:

"If your honor please, there is nothing in the re-

cord of that kind, and we object to Mr. Bohling's statement and ask that the court reprimand the counsel for getting outside of the record. I denounce the statement as absolutely false.''

Whereupon the court said: ''Keep within the record, Mr. Bohling.'' And then followed ''a heated controversy between Mr. Shirk and Mr. Bohling in which the lie passed and in which both attorneys were fined by the court.'' In James v. Kansas City, 85 Mo. App. 20, it is held that the filing of a motion for new trial, setting forth a matter of this kind as one of the grounds thereof, supported by affidavits, is not sufficient to preserve the matter for review by us, citing Mercantile Co. v. Burrel, 66 Mo. App. 117. and State v. Smith, 114 Mo. 406. It was there held that defendant should have made timely objections, and if the court refused to administer a proper rebuke to the offender, exception thereto should have been made and the matter incorporated in the bill of exceptions.

The defendant here failed to except to the action of the court in failing to administer a rebuke to plaintiff's attorney, consequently, under the strict rules of practice, it is not a matter of review by this court. But as the case is to be retried, it is not out of place to say that the remarks made by plaintiff's counsel to the jury were highly improper and if repeated and the matter is brought before us in such a manner as will authorize us to take cognizance of it, we will unhesitatingly reverse the case. The error, therefore, need not be repeated.

For the reason given the cause is reversed and remanded. All concur.