WILLIAM C. JAMISON, TRUSTEE OF LANE, ETC., Respondent, *v.* GITANO FOPIANO, Appellant.

1. *Lands and land titles — Boundaries — Monuments will not prevail, when.* — Although monuments will generally prevail over other calls in a deed, yet if, taking the whole deed together, they are apparently erroneous, they will be disregarded. And a boundary may be rejected when it is clear that it was inadvertently inserted, and that a tract with different boundaries was intended to be conveyed.

*Appeal from St. Louis Circuit Court.*

*S. Reber*, for appellant.

*Cline, Jamison & Day*, for respondent.

WAGNER, Judge, delivered the opinion of the court.

This was an action of ejectment brought for the recovery of a small tract of land lying in the western end of the Lami tract in the City Commons. Both parties claim title under the city of St. Louis, and the title was in the city at the time of the execution by the city of a deed to M. S. Cerre, under whom the plaintiff claims. The defendant's claim is based upon a subsequent or junior deed.

The deed from the city, by virtue of which the plaintiff claims, conveys " that certain farm or piece of land situate and being in the Commons of the city of St. Louis and State of Missouri, bounded and described and laid down in the survey and plat of the Commons aforesaid, made by Charles DeWard, filed the third day of April, 1839, and on file in the recorder's office of the county and State aforesaid, as follows : bounded on the south by Petit, on the north by Durand, *on the east by Carondelet avenue*, and on the west by block No. 42 of the Commons of St. Louis, and laid down on the map aforesaid as the claim of Michael Lami ; being two arpens in breadth and forty arpens in depth, containing eighty arpens," etc. The strip of land in controversy is admitted to be a part of the Lami tract, and it is also included in block 42 ; and the only question is whether the deed defining the limit to be the *western* boundary of block 42 is to

be taken and held as decisive and controlling of the true boundary. The court below decided that it was not, and gave judgment for the plaintiff. The recital in the deed designates the land as the claim of Michael Lami, being two arpens in breadth and forty arpens in depth, containing eighty arpens.

These Common Fields are well known in the history of St. Louis, and parties, when they contract in reference to them, are not liable to be mistaken as to the subject about which they contract, or as to its general locality, though they may be deceived as to the particular boundaries. The reference to block 42 was not made for the purpose of fixing the eastern boundary of the tract, as the thing granted was sufficiently ascertained by a full and correct description of the Lami tract of two by forty arpens, a well-known designation in the common-field lots. The parties evidently labored under the mistaken idea that the western line of block 42 constituted the eastern boundary of the Lami tract. Although monuments will generally prevail over other calls in a deed, yet if, taking the whole deed together, they are apparently erroneous, they will be disregarded. And a boundary may be rejected when it is clear that it was inadvertently inserted, and that a tract with different boundaries was intended to be conveyed. (4 Greenl. Cruise, 338 and note; Thatcher v. Howland, 2 Metc. 41 ; Bosworth v. Sturtevant, 2 Cush. 391.)

In the construction of deeds, words are not the principal thing, but the intent and design of the parties ; and therefore, when there are any words in a deed that appear repugnant to the other parts of it, and to the general intention of the parties, they will be rejected. (4 Greenl. Cruise, 307.)

The evident intention here was to convey the whole Lami tract, and the error of the parties in designating a boundary line ought not to defeat that intention.

The facts in this case bring it entirely within the decision of Gibson v. Bogy, 28 Mo. 478, and we regard that case as decisive and controlling authority.

Judgment affirmed. The other judges concur.