Rutherford v. Tracy et al.

—————◆—————

| 48 | 325 |
| 115 | 64 |
| 115 | 659 |
| 117 | 208 |
| 48 | 325 |
| 120 | 506 |
| 48 | 325 |
| 143 | 420 |
| 48 | 325 |
| 149 | 456 |
| 48 | 325 |
| 96a | 2507 |
| 48 | 325 |
| 179 | 2532 |

### W. T. RUTHERFORD, Appellant, *v.* B. N. TRACY *et al.*, Respondents.

1. *Estoppel in pais — Pointing out of wrong lines by grantor — Sale of property, erection of building, etc.* — Where the grantor of certain real estate showed the purchaser the wrong lines, and was cognizant of his acting on that information, and stood silent while a house was being erected and money expended, he thereby directly led the purchaser into a line of conduct prejudicial to his interest, and should not afterward be heard alleging anything to the contrary. Such acts would constitute an estoppel *in pais*.

2. *Conveyances — Description by lot should prevail over that by courses and distances.* — Where the granting clause of a deed designated the property conveyed as "lot number 8 in block 87," of a certain town, and afterward described it by metes and bounds which embraced an area less than the lot, the legal inference or presumption was that the grantor conveyed the whole lot, and attempted to give it a more particular description by bounding it with courses and distances. The designation of the number of the lot had the same effect as that of a fixed monument, and prevailed over an inconsistent description by courses and distances, there being nothing to show that the grantor designed to reserve or carve out any part of the lot. Had the grantor in his deed used any apt or appropriate words showing that it was not his intention to convey the whole lot, effect should be given to them and that, without regard to any mere verbal position they might occupy in the deed.

*Appeal from Macon Circuit Court.*

*W. A. Hall,* for appellant.

The deed from plaintiff to said Demeter's grantor did not convey the whole of lot 3. In giving construction to the deed, the whole must be taken together to ascertain its meaning. (Campbell *et al.* v. Johnson, 44 Mo. 248.)

Plaintiff was not estopped by his acts from claiming his lot, because defendant was better informed of its location than the plaintiff, and had all the means in his favor of ascertaining its true location. The doctrine of estoppel is always applied with great caution, and especially where used to enlarge a grant by deed. (3 Hill. 221 ; 8 Wend. 484.)

*Henry* and *Williams,* for respondents.

I. Appellant's deed to Amos Ladd conveyed all of lot No. 3 in block 87. The succeeding description by metes and bounds is repugnant to the description of the land by its number on the plats, and will be rejected. (Cutter v. Tufts, 3 Pick. 272 ; Sprague v. Snow, 4 Pick. 54 ; Melvin v. Proprietors of Locks, etc., 5 Metc. 15, overruling Barnard v. Martin, 5 N. H. 536 ; see also Greenl. Cr., tit. Deed, 32, ch. 20, § 8 ; Tyler on Eject. 569–70, and cases cited.)

II. The declarations of Hayden L. Rutherford, while he was the owner and in possession of the lot in controversy, were admissible as evidence against the appellant, who claimed under him. (Tyler on Eject., *supra* ; Cavin v. Smith, 24 Mo. 221 ; Wood v. Hick, 36 Mo. 326.)

WAGNER, Judge, delivered the opinion of the court.

The whole merits of this case depend upon two questions : first, what is the true meaning and intent of the granting clause in the deed conveying the property in controversy; and, second, whether an estoppel could be predicated upon the facts disclosed by the evidence. The action was ejectment for a part of lot 3 in block 87, in the town of Macon; and the defendants, who are in posses-

sion, claimed the entire lot by conveyance.  The language conveying the premises is as follows: "Lot No. 3 in block 87, in the old town of Hudson, now Macon; beginning at the northeast corner, thence west to the alley, thence south eighteen feet, thence east the length of the lot, thence north eighteen feet to the beginning." *

The defendants now contend, and the court so instructed, that this description passed the fee to the whole lot.  The old books contain a great deal of refined and technical learning on this subject.  They say that if there be two clauses or parts of a deed repugnant the one to the other, the first part shall be received and the latter rejected, unless there be some special reason to the contrary; but in the case of a will containing two repugnant clauses or parts, the first shall be rejected and the last received. That the first deed and the last will shall operate, is an ancient maxim.  (Plowd. 541; Co. Lit. 112; Shep. Touch. 88.)  Upon the rules as laid down in the old authorities, Judge Metcalf, in 23 American Jurist, makes some very sensible remarks.  "In modern times," he says, " this maxim has very limited operation. A reason to the contrary is almost always found.  The rules of construction now applied in cases of repugnancy give effect to the whole and every part of a will, deed, or other contract, when that is consistent with the rules of law and the intention of the party; and when this is impossible, the part which is repugnant to the general intention, or to an obvious particular intention, is wholly rejected.  Parts which were once regarded as repugnant are now deemed consistent."

Greenleaf, in his edition of Cruise on Real Property, lays down the doctrine that the modern rule is to give effect to the whole and every part of the instrument, whether it be a will or deed, or other contract; to ascertain the general intention, and permit it, if agreeable to law, whether expressed first or last, to overrule the particular; and to transpose the words, whenever it. is necessary, in order to carry the general intention plainly manifested into effect.  (2 Greenl. Cr., tit. Deed, ch. 12, § 26,

---

* This description actually embraced a less area than lot 3

note 1, and cases cited.) Mr. Washburn declares that when the parts of a deed are found inconsistent with each other, the courts always give effect to every part of the deed if it is possible, consistently with the rules of law. (3 Washb. Real Prop. 343.) To the same purpose is the recent decision in this court in the case of Campbell *et al.* v. Johnson, 44 Mo. 247. If there is an explicit and unambiguous grant of a thing, any exception or reservation which is manifestly contradictory will be rejected; but the intention must be sought after and carried out, if consistent with the rules of law. It is, however, well settled that a deed must be construed *ex visceribus*; the nature and quantity of the interest granted are always to be ascertained from the instrument itself, and fixed monuments always control courses and distances. The Supreme Court of the United States say that it is a universal rule that whenever natural or permanent objects are embraced in the calls of a patent or survey, these have absolute control, and both course and distance must yield to their influence. (Brown *et al.* v. Huger, 21 How. 306.)

In Lodge v. Lee, 6 Cranch, 237, the description was, "all that tract or upper island of land called "Eden," and then it was added, "beginning at a maple tree," and describing the land conveyed, by bounds, courses and distances, but so as not to include all the island. The court held that the whole island passed.

In Keith v. Reynolds, 3 Greenl. 393, the description was, "a certain tract of land or farm in Winslow, included in the tract which was granted to Esq. Pattee," and afterward there was added a particular description of courses and distances, which did not include the whole farm. It was contended that the particular description should prevail in preference to the other, which was more general and uncertain; but it was decided that the first description was certain enough, and that it was to be adopted rather than the description by courses and distances, which was more liable to errors and mistakes.

In Jackson v. Barringer, 15 Johns. 471, the grant was, "the farm on which J. J. D. now lives," which was bounded on three sides, and "to contain eighty acres in one piece." The farm

contained 149 acres, and the decision was that the whole farm passed. If a farm or tract of land is conveyed by general terms, an exception of any number of acres or any particular lot is not repugnant, but will be valid. A particular reservation may well consist with a general grant, and it will create no repugnancy. Did any facts exist in this case to show that the description of the lot by courses and distances was intended at the time to restrict or limit the quantity conveyed to a less area than the whole lot, we should unhesitatingly, in accordance with the liberal rules that have prevailed in modern times, give full force and effect to that intention. But there is nothing to manifest such intent. The granting clause in the deed is: " Lot 3 in block 87, beginning at the northeast corner, thence west to the alley, thence south eighteen feet, thence east the length of the lot, thence north eighteen feet to the beginning." The legal inference or presumption is that the grantor conveyed the whole lot, and attempted to give it a more particular description by bounding it with courses and distances. The designation of the lot by its number must be regarded as the prominent object or monument; and where there is uncertainty, the monument must prevail over the description by courses and distances. There is nothing to show any reservation whatever, or that it was intended in the conveyance to carve out any piece or parcel of the lot. If A. sells to B. the farm on which he resides, and then goes on to describe the farm by courses and distances, and there is a mistake or erroneous description, the whole farm will nevertheless pass; because, in the case supposed, it was the manifest intention, gathered from the deed itself, to convey the whole farm. Had the grantor (the plaintiff in this case) in his deed used any apt or appropriate words showing that it was not his intention to convey the whole lot, we should give them effect without regard to any mere verbal arrangement or position they might occupy in the deed. But as it is, without overthrowing well-established principles of law, we are not at liberty to construe the deed otherwise than as passing title to the whole lot.

This conclusion is decisive of the whole case, and renders it unnecessary to examine the other point in reference to the law of

estoppel. If the grantor showed the purchaser the wrong lines, and was cognizant of his acting on that information, and stood silent whilst a house was being erected and money expended, he directly led the purchaser into a line of conduct prejudicial to his interest, and should not now be heard in alleging anything to the contrary. Such acts would constitute an estoppel *in pais*. The facts, however, were for the jury, and we have seen no error in the court's instructions on that question.

Judgment affirmed. The other judges concur.