Zeibold v. Foster.

ZEIBOLD v. FOSTER, *Appellant.*

Division One, November 27, 1893.

| 118 | 349 |
| 67a | 465 |
| 118 | 349 |
| 144 | 241 |
| 118 | 349 |
| 90a | 423 |
| 118 | 349 |
| h169 | 552 |

1. **Public Road, Change of:** JURISDICTIONAL FACTS. All the facts conferring jurisdiction on county courts to establish or to change public roads, must affirmatively appear on the face of the proceedings.

2. ——: DESCRIPTION. In a proceeding to change a public road, the description of the proposed road in the petition and notice are sufficient if it can be readily and certainly located.

3. ——: ——. Though known and fixed monuments control in the description of a road where they conflict with the courses and distances, yet, where there are two conflicting monuments, one of which corresponds with the courses and distances, the latter should be taken, and the other rejected as surplusage.

4. **Public Road:** NOTICE OF CHANGE: RETURN. The fact that the affidavit of service of notice in a proceeding to change a public road did not state that the handbills were written or printed, is immaterial.

5. **Public Road, Change of:** PETITION. The statute does not require that the petition to change a public road shall designate the width of the proposed road, but fixes the maximum and minimum width (Revised Statutes, sec. 7793) and leaves the rest to the discretion of the county court.

6. ——: DAMAGES. Where a public road is changed, both the old and the new road being on the same person's land, an instruction that his damages are the value of the land actually taken, that is, what it is worth for sale with reference to the uses to which it might be put, together with the expense of moving and putting his fence on the new line, but that the estimate must not be based on matters purely speculative or fanciful which may, or may not, happen, is proper.

7. **Practice:** JURY: TAKING PAPERS OUT: PUBLIC ROAD. It cannot be objected for the first time after verdict that the jury were permitted to take papers with them on retiring where counsel knew of it at the time.

*Appeal from Moniteau Circuit Court.*—HON. E. L. EDWARDS, Judge.

AFFIRMED.

*James E. Hazell* for appellant.

(1) The petition does not state a cause of action under the law in road cases. *Railroad v. Young,* 96 Mo. 41; *Fisher v. Davis,* 27 Mo. App. 324. (2) It does not appear from the petition, record or evidence before either of the trial courts that the twelve freeholders were residents of Moreau township, and it must affirmatively appear that they resided in, and were freeholders of a municipal township, before the court could change the road, hence the judgments are a nullity. Revised Statutes, 1889, sec. 7796; *Fisher' v. Davis,* 27 Mo. App. 325, 326; 96 Mo. 41, *supra.* (3) A recital in the record that the court found the petition was signed by at least twelve freeholders of said Moreau township, three of whom reside in the immediate neighborhood of said proposed road, and that legal notice was given of the intended application to the county court for an order establishing said road, does not meet the requirements of the statute, nor cause the necessary facts to affirmatively appear. *Wickle . v. Railroad,* 2 Greene, 162; *Railroad v. Young,* 96 Mo. 42; *Fisher v. Davis, supra.* (4) The proof of service of the notice does not state that the notices posted up were written, nor that they were printed, nor that they were posted up at three public places in Moreau township. Revised Statutes, 1889, sec. 7797; 2 Thompson 'on Trials, p. 1108, sec. 1151; *Railroad v. Young,* 96 Mo. 42; *Whitely v. Platte Co.,* 73 Mo. 32; *Zimmerman v. Snowden,* 88 Mo. 220; *Ells v. Railroad,* 51 Mo. 203; *Collville v. Judy,* 73 Mo. 654. (5) There is nothing said in the

petition about the width of the road, nor was there any evidence tending to show how wide the road should be, and, in order to take land for a public road, certainly something should appear in the record showing what width of road was necessary. Authorities *supra*; Revised Statutes, 1889, sec. 7793. (6) The court erred in giving instructions. (7) It was an error for the court to give the report of the commissioners to the county court assessing the damages in this cause to the jury, when they retired to consider of their verdict. It was equivalent to handing to them the finding of another jury upon the facts in the case, against the objection of Lashla Foster, and said paper was calculated to prejudice his rights under the law of this case, and the objection was in time. 2 Thompson on Trials, p. 1956, sec. 2591; p. 1935, sec. 2588; *State v. Hartman*, 46 Wis. 248.

*Moore & Williams* for respondent.

(1) All the facts necessary to give the county court jurisdiction in this case, affirmatively appear of record in the proceedings of said court. Every requisite suggested in the cases cited by appellant were fully complied with. *Railroad v. Young*, 96 Mo. 41; *Fisher v. Davis*, 27 Mo. App. 324, 327. (2) It is not necessary that the petition should show the residence of the petitioners; this must be found by the county court as was done in this case. The findings of the court are conclusive on all jurisdictional questions. *Fisher v. Davis*, 27 Mo. App. 321; *Daugherty v. Brown*, 91 Mo. 26; *Sutherland v. Holmes*, 78 Mo. 399–401. (3) "When in the petition the description of the proposed line of the highway is such that it may be located readily and with certainty it is sufficient and will not be vitiated by an inaccurate use of technical terms." *Jackson v.*

*Rankin*, 67 Wis. 285. (4) The instructions taken together, submit the questions, on the assessment of damages fairly to the jury, upon the evidence offered. They embody the rule on this question as laid down by the authorities. *Bridge Co. v. Ring*, 58 Mo. 496; Elliott on Roads and Streets, p. 202; Thompson on Trials, secs. 2124, 2125; *Railroad v. McGrew*, 104 Mo. 282. (5) There is no error for the court to review, in reference to the jury taking the report of the commissioners, with appellants' written objections thereto, to the jury room. If it was proper, as suggested by the appellant's attorneys at the time, that the jury have the objections, it was proper that the report which was the basis of the objections, should go with the latter.

MACFARLANE, J.—This is a proceeding under the statutes to change a public road in Moreau township, Moniteau county. It was commenced in the county court by petition and notice. The desired change was entirely on the land of appellant Foster. The county road commissioner was ordered by the county court to view, survey and mark out the change. He reported the road practicable and of public utility, and that Foster refused to relinquish the right of way. Commissioners appointed by the county court assessed Foster's damages at $10. At the next term Foster filed objections to the report of commissioners, and upon a trial by jury his damages were again assessed at $10, and he appealed to the circuit court, where, upon retrial, his damages were assessed by a jury at $7, and he appealed to this court. Objections were made in the county court and again in the circuit court to the sufficiency of the proceedings to give jurisdiction to the court to order the change.

The petition recites that it is signed by twenty freeholders of the township of Moreau, Moniteau county;

that they desired a change at the south end of the public road, known as the Sappington road, on the land of L. Foster.   The proposed change was described in the petition as follows: "Commencing at a point on said G. W. Sappington road, one hundred and five feet north of the southwest corner of the northeast quarter of the southwest quarter of section 24, township 45, range 16, running thence south forty-six degrees, east ninety-two and one-half feet, thence forty-two feet south to the line of the quarter-section aforesaid to a point sixty-six feet east of the southwest corner of said quarter-section, thence south to a distance about sixteen feet to the Moreau church road.   This change is necessary to save the expense of building an expensive bridge and to make the road passable."   The petitioners prayed the change according to that description.

A notice that the petition would be presented was executed, as appeared by affidavit, by posting "three copies of the same," one at each end of the proposed change, and one at a public place in Moreau township, at least twenty days before the first day of the term of the county court at which it would be presented.   This notice described the proposed change as in the petition.

Upon presentation of the petition, the court made the following finding:

"Now at this day the petition of the above named parties for a change of road in said township, coming on to be heard, it is found by the court that said petition is signed by at least twelve freeholders of said Moreau township, three of whom reside in the immediate neighborhood of said proposed road, and that legal notice was given of the intended application to this court for an order establishing such road, by posting up three written handbills, one at each end of said proposed road and one at a public place in said Moreau

township, at least twenty days before the first day of the term of this court, at which said petition was presented, and it further appearing that no written objections to such change have been filed.''

The road commissioner was, thereupon, ordered to view and mark out such change (giving the description as in the petition), and make report at the next regular term of court. A plat was returned with the report. The plat and the evidence given on the trial show that the Moreau church road runs east and west sixteen feet south of the northeast quarter of southwest quarter of the section, instead of that distance south of the southwest quarter, as would appear from the description contained in the petition, notice and order of the court.

I. The county court has jurisdiction to establish new public roads and make changes in those already established on presentation of the petition required by the statute, provided that the requisite notice has been given (Revised Statutes, 1889, secs. 7796, 7797). Until these steps are taken, the court has no jurisdiction of the subject-matter, and all subsequent proceedings will be void. After the jurisdictional steps have been taken, the court may proceed in the exercise of its jurisdiction in the manner pointed out by the statute.

It is well fixed in the jurisprudence of this state that all the facts conferring jurisdiction on county courts to establish, open and change public roads must affirmatively appear on the face of the proceedings. *Lingo v. Burford*, 112 Mo. 155; *Daugherty v. Brown*, 91 Mo. 30. The steps to be taken under the statute and which must appear from the proceedings, are: That application shall be made to the court by a petition signed by at least twelve freeholders of the township through which the proposed road may run, three of whom shall be of the immediate neighborhood, specifying the proposed beginning, course and termina-

tion thereof, with not less than two points named on the direction of said road. The notice required shall be by written or printed handbills put up at three or more public places in the township, one of which shall be put up at the proposed beginning and one at the proposed termination of the road at least twenty days before the first day of a regular term of the court.

A comparison of the requirements of the statute with what was done as appears from the proceedings will show that all requisite steps were taken. The chief objection made thereto is, that there was a misconception of the proposed change. That is, the point of termination was fixed sixteen feet south of the quarter-section line. The courses and distances run make the true description. A termination at the "Moreau church road," with the courses and distances, make a correct description. It is true that known and fixed monuments will control, though they conflict with courses and distances; yet here we have two fixed artificial monuments, and both cannot control for they are conflicting. One is of no higher value as a monument than the other. In such case of ambiguity the one should be taken which corresponds with the description by courses and distances, and the other, being manifestly erroneous, can be rejected as surplusage. *Whitehead v. Ragan*, 106 Mo. 235; *Jamison v. Fopiano*, 48 Mo. 194; *Evans v. Greene*, 21 Mo. 170–206.

We think the description of land taken in condemnation proceedings sufficient, if it can be located readily and with certainty. *Railroad v. Story*, 96 Mo. 621; *Railroad v. Town Site Co.*, 103 Mo. 469.

II. We do not think there is any force in the objection that the affidavit of service of notice failed to state that the handbills were written or printed. Whether the notice was given was a matter for the finding of the county court. The statute does not con-

fine it to evidence of any particular character. The court did find, as a matter of fact, that written notices were posted and the finding appears on the record. It was not required to preserve the evidence upon which its finding was made.

III. The statute does not require that the petition shall designate the width of the proposed road. Section 7793 fixes the maximum width at sixty and the minimum at thirty feet, to be determined by the county court. The discretion in that particular is vested in the court.

IV. We see no objection, under the evidence in this case, to the rule for estimating the damages of objectors. The instruction is as follows:

"3. In estimating the damages, if any, the objector, Foster, has sustained, the jury will fix such damages at the value of the land actually taken, that is, what it is worth for sale with reference to the uses to which it might be put, together with the expense of moving and putting his fence on the new line; but your estimate should not be based upon matters purely speculative or fanciful, which may, or may not, happen."

The jury were permitted to take to their room the written objections and also the report of the commissioners. This was done with the knowledge and without objection of counsel. Complaint to the action of the court came too late after the verdict. Parties who remain silent in such case must be presumed to consent to the action of the court. Finding no error, the judgment is affirmed. All concur, except BARCLAY, J., who is absent.