## EMMA L. BRADLEY, Respondent, v. CITY OF SPICKARDSVILLE, Appellant.

### Kansas City Court of Appeals, December 2, 1901.

1. **Municipal Corporation: NEGLEGENCE: CONTRIBUTORY NEGLIGENCE.** In an action for personal injuries arising from a defective sidewalk, the fact that plaintiff had seen a loose board in the sidewalk a week before the accident and was not thinking at the time of the injury about the loose plank, is evidence of contributory negligence, but does not conclusively establish it—especially where the injury was caused by a third party stepping on the end of the plank and plaintiff being tripped by catching her foot under the raised end. (Cohn v. City of Kansas, 108 Mo. 387, distinguished.)

2. ———: ———: ———: **TIME: REPAIR.** Again, it can not be assumed that a city had neglected to repair a defective walk in a week's time, and before plaintiff could be found guilty of contributory negligence, the question whether plaintiff is entitled to the presumption that the city had performed its duty in repairing the sidewalk, would have to be considered.

3. ———: **ARTICLES OF INCORPORATION: ANSWER: EVIDENCE.** Where the answer is an unverified general denial, the allegation of incorporation stands admitted.

4. ———: ———: **DESCRIPTION.** The description of the land, in the record incorporating a city of the fourth class, is examined and.

Bradley v. City of Spickardsville.

held sufficient, since the territory intended is clear, though one of the corners is out of place.

5. ———: PERSONAL INJURY: EVIDENCE: WIDOW. A plaintiff, in an action for personal injury, may show that she is a widow, as being *feme sole*, she may recover for her own services.

6. ———: ———: ———: CONCLUSION: HARMLESS ERROR. A witness should not be permitted to testify to his conclusions as to the condition of a sidewalk, but in this case such evidence is held harmless since other evidence abundantly shows the condition of the sidewalk.

7. Trial Practice: CONDUCT OF COUNSEL: REPRIMAND BY THE COURT. Where the attorney closing the case gets outside the record, but is corrected by the court and ordered to keep in the record, and there is no showing of any influence on the jury by reason of his conduct, there is no ground for reversal.

8. ———: ———: READING FROM TRANSCRIPT OF STENOGRAPHER'S NOTES. The fact that an attorney in closing the case to the jury reads from a transcript of the stenographer's notes, is not cause for reversal.

9. ———: INSTRUCTION: EVIDENCE. Where the evidence is too vague and uncertain, a jury should not be required to make a finding based thereon.

10. ———: ———: INCLUDED IN ANOTHER. Where an instruction is included in another it is not error to refuse it.

Appeal from Grundy Circuit Court.—*Hon. P. C. Stepp,* Judge.

AFFIRMED.

*O. G. Bain, Hall & Hall* and *J. W. Schooler* for appellant.

(1) The court erred in admitting in evidence the pretended order of the county court, attempting to incorporate the town of Spickardsville, and the record of the pretended

Vol 90 app—27

council of said town, attempting to reorganize as a city of the fourth class, and the ordinances of said town, for the reasons that said records and orders fail to describe the territory intended to be embraced within the limits of said pretended corporation, as required by law, and they are therefore void. Wagner's Statutes 1872, page 1313, ch. 134, art. 1, sec. 1; Laws of Missouri 1871, page 85; R. S. 1899, sec. 5257; State ex rel. v. Tucker, 48 Mo. App. 531. Monuments must prevail over distances. Kronenberger v. Hoffner, 44 Mo. 185; Jones v. Poundstone, 102 Mo. 240; West v. Bretelle, 115 Mo. 653; Harding v. Wright, 119 Mo. 1. (2) The court erred in permitting plaintiff to prove by the witness, McCann, that plaintiff was a widow, and in permitting the witness, Vanderpool, to state that the condition of the sidewalk in general was pretty bad, that it had broken boards in it and was not considered safe for the reason that the witness stated conclusions and opinions and not facts, and that the petition does not charge that there were broken boards in the walk. Mahaney v. Railroad, 108 Mo. 191; Penn. Co. v. Roy, 102 U. S. 451; 26 L. Ed. 141. (3) If the sidewalk was defective, the defendant knew it, and it was her duty to look where she was stepping and her failure to do so was such contributory negligence as would prevent a recovery. Cohn v. City of Kansas, 108 Mo. 387; Wiggins v. St. Louis, 135 Mo. 558. (4) The court erred in refusing to give the sixth instruction asked by appellant. Salmon v. City of Trenton, 21 Mo. App. 182; Burdoin v. Town of Trenton, 116 Mo. 358; Carvin v. City of St. Louis, 151 Mo. 334; Baustian v. Young, 152 Mo. 317. (5) The trial court erred in refusing to give the seventh instruction asked by appellant, and in changing the same and giving it as changed. Singer v. Goldenburg, 17 Mo. App. 549; Standfield v. Phoenix Loan Ass'n, 53 Mo. App. 595; Link v. Westerman, 80 Mo. App. 592; Jacquin v. Grand Ave. Cable Co., 57 Mo. App. 320; Laughlin v. Gerardi, 67 Mo. App. 372;

Cahn v. Reid and Bungardt, 18 Mo. App. 115; Welsh v. Edmisson, 46 Mo. App. 282. (6) The statements made by plaintiff's attorney in his closing argument in regard to matters of which there was no evidence, was prejudicial to appellant, and being objected to and exceptions saved, was such error as entitled appellant to a new trial. Fathman v. Tumilty, 34 Mo. App. 236; Sidekum v. Railroad, 93 Mo. 400; Bishop v. Hunt, 24 Mo. App. 373; Haynes v. Town of Trenton, 108 Mo. 123; Evans v. Town of Trenton, 112 Mo. 390. The admonition of the court to the attorney to keep within the record was not sufficient to cure the error. State v. Furgerson, 152 Mo. 92, 99; Ensor v. Smith, 57 Mo. App. 584; Smith v. Western Union Tel. Co., 55 Mo. App. 626; Gibson v. Zeibig, 24 Mo. App. 65; McDonald & Co. v. Cash & Hainds, 45 Mo. App. 66. (7) The stenographer's notes taken at the trial are not for the use of the jury, and the court committed error in allowing plaintiff's counsel in his closing speech to read the paper he claimed was a portion of the witness, Edna McCann's, testimony which the stenographer furnished from his notes. Padgitt v. Moll and Citizen's Ry. Co., 159 Mo. 143.

*Harber & Knight* and *Henry Keith,* for respondent.

(1) The only mistake in the description of the incorporated territory, is they call one-half mile east to the southeast corner (of the southeast fourth of the southwest fourth of section 22), when the southwest corner of that forty is meant. Each one of the four corners called for in the description may be termed artificial monuments. 4 Am. and Eng. Ency. of Law (2 Ed.), p. 760; Zeibold v. Foster, 118 Mo. 349; Whitehead v. Ragan, 106 Mo. 235; Jamison v. Fopiano, 48 Mo. 194; Evans v. Greene, 21 Mo. 170; Gibson v. Bogy, 28 Mo. 478; Kronenberger v. Hoffner, 44 Mo. 185; 4 Am.

and Eng. Ency. of Law (2 Ed.), p. 762; Pierce v. Town of Lutesville, 25 Mo. App. 317; Walker v. Town of Point Pleasant, 49 Mo. App. 244; Eubank v. City of Edina, 88 Mo. 650. Besides, the courts of this State will take judicial notice of the incorporated cities of this class. R. S. 1899, sec. 5894; City of Savannah v. Dickey, 33 Mo. App. 522; City of Clarence v. Patrick, 54 Mo. App. 462; City of Billings v. Chas. Dunnaway, 54 Mo. App. 1. (2) As to the evidence of plaintiff being a widow: It was not only perfectly proper, but necessary to the giving of respondent's instruction No. 4 in respect to damages. Plummer v. City of Milan, 70 Mo. App. 598; Cullar v. Railroad, 84 Mo. App. 340; Cullar v. Railroad, 84 Mo. App. 347. (3) The judge presiding at the trial being in so much better condition than the appellate court to determine whether he should interfere, much is left to his discretion, and appellate courts will not interfere with such discretion unless it clearly appears it has been abused. State v. Morgan, 1 Mo. App. 23; State v. Hill, 65 Mo. 84; Huckshold v. Railroad, 90 Mo. 548; Sidekum v. Railroad, 93 Mo. 400; Burdoin v. Trenton, 116 Mo. 358; Hoffmann v. Hoffmann, 126 Mo. 486; Wilburn v. Railroad, 48 Mo. App. 224; Olfermann v. Railroad, 125 Mo. 408.

BROADDUS, J.—The plaintiff sues the defendant as an incorporated city of the fourth class, for injuries alleged to have been received on account of a defective sidewalk in said city. The answer is a general denial and also alleging contributory negligence on the part of plaintiff. There was a trial before a jury resulting in a judgment and verdict in favor of plaintiff for $1,500, and from which the defendant appealed. The defendant contends that its instruction number one, in the nature of a demurrer to plaintiff's case, should have been sustained.

The plaintiff testified that on the thirteenth of November, 1899, as she was passing over the sidewalk in question

with Miss Edna McCann, the latter stepped upon the end of a loose board which caused it to tip up at the other end, under which plaintiff caught her foot, whereby she was thrown down and injured. On cross-examination she stated that about a week before her injury she noticed a loose board at about the locality where she was thrown down. She was asked the following questions to which she gave the following answers, to-wit:

"Q. You had seen a loose board right there in that particular locality just the week before, hadn't you? A. Yes, sir. Q. Yet in going over there you didn't look for or pay any attention to it? A. No, sir; I didn't think—I was walking along and didn't think about loose boards."

It is claimed that the plaintiff herself furnished the evidence of her own negligence. The fact that she did not think of the loose board and consequently did not look for it, may have been evidence tending to show contributory negligence, yet under all the facts it did not conclusively establish it. There was an intervening agency over which she had no control that was the direct and proximate cause of the injury in connection with the loose board. It was her companion, Miss McCann, who stepped upon the loose board and not the plaintiff. It did not appear that she would have been thrown down and injured had it not been for this intervening agent, and it therefore became a question of fact for the jury, and not a matter of law for the court to decide, that the plaintiff had been guilty of contributory negligence. The rule laid down in Cohn v. City of Kansas, 108 Mo. 387, is not applicable to the facts in this case. In that case the defect in the highway was obviously dangerous, and the plaintiff, seeing and knowing it dangerous in its character, was held to have assumed the risk of the danger. However, the judge in commenting on the law of the case draws the distinction between it and cases of the character of this, viz.: "A person is not bound to abandon

the use of a highway, open to the public, for the simple reason that it is known to be out of repair or in a defective condition; the duty is, however, imposed on him to use ordinary care to avoid the defect, and the knowledge on his part that the street is out of repair *is a circumstance* to go to the jury in determining the question whether he did use such care." See, also, Gerdes v. Iron Co., 124 Mo. 347.

There is another element in the case to be taken into consideration, and that is, the evidence shows that the plaintiff had discovered the defect in the walk the previous week, and it would not do to assume that the defendant had neglected to do its duty in the meantime and repair said sidewalk; for it is a familiar principle of law that negligence will not be presumed against either plaintiff or defendant. It would therefore be necessary, in determining whether plaintiff had been guilty of contributory negligence, to consider whether she was not entitled, from the length of time said walk had been defective, to the presumption, if the facts would justify it in the minds of the jury, that the defendant had performed its duty and repaired the defect.

On the trial, the plaintiff offered to show that the defendant had organized as a city of the fourth class. The defendant objected to the record offered because it did not comply with the law. The record, however, was admitted, and this is assigned as a ground for reversal. As defendant's answer was not sworn to, the incorporation stood admitted. R. S. 1899, sec. 746; Walker v. Point Pleasant, 49 Mo. App. 244; Eubank v. Edina, 88 Mo. 650.

The further objection made to said record is that it fails to describe the territory within the limits of the pretended corporation as provided by statute. The description is as follows: "Beginning at the northeast corner of the southwest quarter of the northwest quarter of section number twenty-two, thence one-half mile west to the northwest corner of the south-

east of the northwest quarter of section number twenty-one, thence south three-fourths of a mile to the southwest corner of the southeast quarter of the southeast quarter of said section number twenty-one; thence east one-half a mile to the southeast corner of the southeast quarter of the southwest quarter of said section number twenty-two; thence north three-fourths of a mile to the place of beginning. All in township 63, range 24." We find the beginning corner, then the next corner west, then the corner south and then the next fixed corner east is one-fourth of a mile farther east than the beginning corner on the north; but the distance is given as one-half mile which would make that corner correspond with the beginning corner on the north. It is clear what territory is intended to be included and the corner at the east end of the south line must give place to the description as given of the distance from the prior corner. Zeibold v. Foster, 118 Mo. 349; Jameson v. Fopiano, 48 Mo. 194.

It is also claimed that it was error to allow plaintiff to prove that she was a widow. It was properly admitted by the court in relation to her right, as being a *feme sole*, to recover for the value of her own services. Cullar v. Railroad, 84 Mo. App. 340; Plummer v. City of Milan, 70 Mo. App. 598.

The defendant claims that the court erred in admitting plaintiff's witness, Mrs. Vanderpool, to state her conclusion as to the condition of the sidewalk. This, of course, was not permissible, but as it was shown by the witnesses on both sides, and most conclusively, that there was a loose board in the sidewalk which caused plaintiff's fall, it is hard to conceive how defendant could have been injured by the admission of such testimony. The judge evidently intended to exclude it but he did not do so expressly in words, which he should have done in order that the jury might understand clearly what was meant by his language.

We do not think the case should be reversed by reason of

the language used by Mr. Knight, the plaintiff's counsel, in his closing address to the jury. The language objected to was: "These gentlemen pretend to believe this walk was in good condition. No boards loose there. Why, gentlemen, it is in evidence that others had been falling on these death-traps." The court corrected the attorney and said that there was no evidence of the kind and that he should keep within the record. We do not think, and it is not shown, that the remarks alluded to had any influence with the jury. After what the court said in the matter, it is not probable that the jury was influenced to the least extent by them.

It seems the attorney, in closing, also read from a paper what he claimed was the testimony of Miss McCann as shown by a transcript of the stenographer's notes. In the case of Padgitt v. Moll et al., 159 Mo. 143, the facts were that the jury, on the second day after the cause had been submitted to them, sent a note to the judge stating that they could not agree as to the facts in evidence of two witnesses and asking that they might have the stenographer's transcript of the testimony. The court, against the objections of counsel on both sides, ordered the jury again brought into court and had the stenographer to read to them his notes of the testimony of such witnesses. The Supreme Court held this to be error. But that case is not parallel with this. Here the cause was being tried and the attorney, not choosing to rely on his own memory, thought proper to refer to the notes of the stenographer. It has been a custom among lawyers in this State, and everywhere else, to make notes of their own of the evidence which they use in their arguments to court and jury. If what was read was not true the defendant's attorneys ought to have said so; but if the transcript which he read was a true record of the evidence of the witness, no one could have been harmed. The object of the attorney should have been to quote the evidence truly, and every lawyer knows that the stenographer's notes

are more accurate and reliable than the memory of any man— and for the sake of convenience and in the interest of justice, the Legislature ought to make a transcript of the sworn official stenographer prima facie evidence in all courts. And if the question were one of first impression in this State, I would individually feel constrained to say that upon principle such was the law without legislative enactment.

The modification of defendant's seventh instruction was proper in view of the evidence. Dr. Wright's evidence was so vague and intangible in its character that no court or jury would be justified in basing a finding thereon.

Defendant complains of the action of the court in refusing its instruction number six. Although the phraseology is somewhat different from that of number three given in its behalf, they are substantially the same and defendant could not have been prejudiced by the action of the court in that respect.

We have noticed all errors of importance insisted on in this court. It seems that the case was fairly tried and as the judgment was for the right party it will be affirmed. All concur.