# THOMAS W. PATTON v. FOX et al., Appellants.

### Division One, February 10, 1904.

1. **Conveyancing:** GENERAL AND SPECIAL DESCRIPTION. A general description of land contained in a deed ought to prevail over a description by metes and bounds immediately following it; and in ejectment it is not error for the court to tell the jury in the instruction that such is the effect of the deed. Especially ought this to be the ruling, where the boundaries in the general description are fixed by governmental monuments and a natural object, and the boundaries by metes and bounds are obviously erroneous.

2. **Adverse Possession:** INSTRUCTION: NO EVIDENCE. Where the instruction on the subject of adverse possession is in the usual form as to the line to which defendant claimed, and defendant testifies as to his acts of possession and his intention, it can not be said that there is no evidence on which to base it, for in such case the matter of adverse possession is to be determined by the jury in accordance with all the acts and circumstances in evidence.

3. **Evidence:** RECORD OF DEEDS. Where it has been shown by the evidence of the defendant that deeds to his land are not in the power of plaintiff but in the possession and control of defendant, it is proper for plaintiff to offer the record of such deeds in evidence.

4. ———: ———: WHEN OFFERED. It not error for plaintiff to introduce the record of such deeds while defendant is being cross-examined. The order in which evidence may be introduced is largely within the discretion of the trial judge.

5. **Ejectment:** PREPONDERANCE OF EVIDENCE. The finding of the jury in ejectment as to the preponderance of the evidence is binding upon the appellate court.

Appeal from Pike Circuit Court.—*Hon. David H. Eby,* Judge.

AFFIRMED.

*Pearson & Pearson* for appellants.

(1)  Plaintiff failed to show title in himself to the piece of ground in controversy.   Plaintiff must recover, if at all, on the strength of his own title, or right to possession, and can not recover on the weakness of defendant's title.   Duncan v. Able, 99 Mo. 188; Mather v. Walsh, 107 Mo. 121; Wilkerson v. Eilers, 114 Mo. 245; West v. Bretelle, 115 Mo. 653; Mulherin v. Simpson, 124 Mo. 610; Menkins v. Blumenthal, 19 Mo. 497; Robinson v. Cloggett, 149 Mo. 153.   The deed by which plaintiff claims title does not deed or convey the property in controversy to him; it only deeds and conveys to him "all of the Jamison farm north of Guinn's creek in section 34."   The grantors had surveyors to survey that portion of the Jamison farm; the north line of it did not extend to the section line, and include the piece of ground in controversy; witnesses testified that the Jamison farm never did include the 2.11 acres of land in dispute; that Jamison never did exercise any ownership or control of this piece of ground.   There was no evidence that it was taken possession or control of by plaintiff at the time he claims to have bought it. Defendant insists that in no particular has plaintiff established his title.   (2)   The court erred in the admission of testimony in the following instances:   In the admission of the record of deed in book 57 at page 77; and also the record of deed in book 74 at page 475. First, because the record was not the best evidence, the original deeds not being lost; second, because the records were introduced out of time by plaintiff, while cross-examining defendants' witness.   (3)   The court erred in giving instructions 2, 3, 4, 5 and 6, at the request of the plaintiff.   Instructions 2 and 3  declare the legal effect of the deeds from Samuel Jamison, executor, to the defendant J. H. Patton, T. D. and F. W. Patton and John E. Forgey, and through those last four to the plaintiff, to convey and carry the title to all the land in

the northeast quarter of section 34, township 52, range 1 east, north of Guinn's creek to the plaintiff, Thomas W. Patton. And it would appear in order to make Thomas W. Patton's title to the land in controversy stronger, and his contention more plausible, the court proceeds, in instruction 2, to declare that the legal effect of the deeds to the defendant to the Wells land, and the Rogers land, was not to carry or convey the title to any portion of the said 2.11 acre tract to the defendant. The court was not justified, either from the evidence or the deeds themselves, in giving them any such legal effect. Such legal effect can not be gathered from the deeds nor from any evidence introduced in the case. The deed from defendant Patton and others to Thomas W. Patton, only conveyed to Thomas W. Patton all of the Jamison farm that lies north of Guinn's creek in section 34, township 52, range 1 east. If there was any land, north of Guinn's creek, in said section 34, that Jamison did not have possession or control of, then the court was not justified in giving the legal effect to said deed as is contained in instructions 2 and 3.

*Dempsey & McGinnis* and *J. D. Hostetter* for respondent.

(1) It is true that in the deed from defendant James H. Patton and his three co-grantors to plaintiff, the general discription is followed by an erroneous particular description, but in such case the rule is that where there is a variance the general description prevails, the intention being clearly shown on the part of the grantors to convey all of the Jamison land in the northeast quarter of section 34 that lies north of Guinn's creek, which would have carried it to this section line. Rutherford v. Tracey, 48 Mo. 325; Thompson v. Thompson, 115 Mo. 63; Galloway v. Henderson, 130 Mo. 87; Presnell v. Headley, 141 Mo. 191. (2) Equally unfounded is appellant's contention that the court erred in the admission

. in evidence of the record of the two deeds conveying the Wells and Rodgers lands to the defendant James H. Patton. These deeds were offered while James H. Patton was under cross-examination, and he was first asked about the originals and admitted that they were in his possession at home. Then plaintiff offered and read in evidence the record of the two deeds. This was amply justified by virtue of section 3115, Revised Statutes 1899. Frank v. Reuter, 116 Mo. 517; Baum v. Sauter, 117 Mo. 466. (3) The court properly declared the legal effect of the deeds read in evidence by which defendant James H. Patton acquired title to the Wells and Rogers lands on the north of this disputed strip to be that they did not convey to him any portion of the northeast quarter of section 34. This was certainly a correct construction of the deeds, and appellants' counsel do not question the correctness of the court's instruction, but simply say that the court ought not to have given such instruction. We think in the absence of a showing that the court's declarations of law were erroneous, there is no merit in the appellants' suggestion. The instructions given by the court as to the possession of the defendant being sufficient to ripen into title, was correct, and has been approved in form and in substance by the appellate courts in numerous decisions. Baber v. Henderson, 156 Mo. 573.

BRACE, P. J.—This is an action in ejectment against the defendant, James H. Patton and his tenant, Otto Fox, to recover the possession of a small irregular tract of land, described by metes and bounds in the petition, containing two and 11-100 acres, situate in the northeast quarter of section 34, township 52, range 1 east, in Pike county, the shape and location of which is shown by the following diagram, the land in dispute being within the lines b., c., d., e., B., b., on the diagram:

Patton v. Fox.

The petition is in common form. The answer a general denial, and a plea of the statute of limitations. The case was tried before a jury; verdict and judgment for the plaintiff, and the defendant appeals, assigning as error instructions given and evidence admitted for plaintiff.

By deed dated the 12th day of February, 1872, William W. Jamison, executor of Samuel Jamison, deceased, by virtue of the power vested in him by the last will and testament of said deceased, conveyed the northeast quarter of section 34, township 52, range 1 east, to Thomas D. Patton, John E. Forgey, F. W. Patton and the said defendant, James H. Patton. Afterwards by deed dated March 12, 1873, the said Thomas D. Patton, John E. Forgey, F. W. Patton and defendant James H. Patton, conveyed to the plaintiff a part of said quarter section described in said deed as follows: "All of the Jamison farm that lies north of Gwinn's creek in section 34, township 52, range 1, east, commencing at a stone corner, the same being the northwest corner of this tract. Thence south 24-52 links to a stake near Gwinn's creek; thence north 68 1-2 degrees, east 18.46 chains to a stake; thence north 80 1-2 degrees, east 7 chains; thence north 20 1-2 degrees, east 8.30 chains to a stake; thence north 69 1-2 degrees east 14.75 chains to the center of said creek; thence north 15 degrees east 2.67 chains to a stone corner; thence north 89 degrees and 50 minutes west 41.47 chains to the place of beginning, containing 58.87 acres more or less."

Afterwards in the years 1878 and 1881, the defendant James H. Patton acquired the southeast quarter of section 27, township 52, range 1 east, known as the Wells and Rogers land. The lands of plaintiff and defendant as respectively held by them under these three deeds are shown on the diagram in their relation to each other, and to the land in question.

(1)   At the request of the plaintiff the court gave

the following instructions to the jury as to the legal effect of said deeds:

"2.   The court instructs the jury that if you find from the evidence in the cause that the 2.11 acre tract in controversy in this suit is a part of the northeast quarter of section 34, township 52 north, range 1 east, north of Guinn's creek, then the legal effect of the deeds from Samuel Jamison, executor, to defendant, J. H. Patton, T. D. Patton, F. W. Patton and John E. Forgey, and from those four last named to the plaintiff, read in evidence, was to convey and carry the title to said 2.11 acre tract to the plaintiff; and the legal effect of the deeds read in evidence to defendant to the Wells land and Rogers land mentioned in evidence, was not to carry or convey title to any portion of said 2.11 acre tract to defendants.

"3.   The court instructs the jury that the deed made March 12, 1873, by defendant J. H. Patton, and F. W. Patton, Thomas D. Patton and John E. Forgey to the plaintiff, Thomas W. Patton, read in evidence, vested the legal title in plaintiff to all of the Jamison land in the northeast quarter of section 34, township 52, north, range 1 east, from Guinn's creek to the section line on the north.

"4.   The court instructs the jury that the deeds read in evidence to defendant conveying to him the Wells land and the Rogers land, did not convey to him any portion of the northeast quarter of section 34, township 52 north, range 1 east.

"5.   The court instructs the jury that under and according to the deeds read in evidence in this cause, the true boundary line between the Jamison land in the northeast quarter of section 34, township 52, range 1, east, acquired by plaintiff in 1873, and the Wells land and the Rogers land mentioned in evidence on the north, was the section line."

We fail to discover any material error in these instructions, which were confined to the legal effect of the

deeds.   Unquestionably the defendant by his deeds acquired no title to any land in the northeast quarter of section 34, and the only question is, whether the court committed error in holding that the section line between sections 27 and 34 was the northern line of the plaintiff's land and the boundary line between his land and that of the defendant's and the court committed no error in so holding, if the general description contained in the deed of March 12, 1873, from the defendant and others to the plaintiff, ought to prevail over the description by metes and bounds immediately following it.   That it ought to so prevail, is, we think, beyond the question under the well settled law in this State.   [Rutherford v. Tracy, 48 Mo. 325; Thompson v. Thompson, 115 Mo. 56; Calloway v. Henderson, 130 Mo. 77; Presnell v. Headley, 141 Mo. 187; Whitaker v. Whitaker, 175 Mo. 1.] All the reasons assigned in these cases and in the authorities therein cited for subordinating the description by metes and bounds to the general description contained in the deed, obtain in this case.

First.   The boundaries in the general description are fixed by governmental monuments and a natural object.

Second.   The boundaries by metes and bounds are obviously erroneous.   The first and last lines thereof were evidently intended to be the same lines fixed by the general description, but in endeavoring to reach one of the governmental monuments, to-wit, the section corner of the northeast corner of section 34, from which the last line was drawn, a mistake was made in the courses and distances by which they failed to reach that corner, and that line was projected from a point south of that corner to the beginning.

Third.   The northern boundary of the Jamison farm in section 34, township 52, range 1 east, was the section line between sections 34 and 27, and the intention to convey all of said farm in said section north of

Guinn's creek to that line is manifest on the face of the deed.

On the authorities cited, and for these reasons, or any of them, the general description ought to prevail over the description by metes and bounds in plaintiff's deed. In declaring the effect of the deeds, there was no error in characterizing the section line aforesaid as the true boundary line between the Jamison land in section 34, and the defendant's land in section 27.

(2) The evidence upon the issue of adverse possession was conflicting, and that issue was submitted to the jury on approved instructions, only one of which was given for the plaintiff, and of which the only complaint made is that there was no evidence on which to base it. There is nothing in this complaint. The instruction was the usual one as to the line to which the defendant claimed, as to which he himself testified both as to his acts, possession and intention and as this was a matter to be determined by the jury according to all the facts and circumstances in evidence in the case, it was entirely proper that this instruction should have been given.

(3) While the defendant was being cross-examined on this subject, the plaintiff in connection therewith offered the record of defendant's deeds to his land in section 27 in evidence. To the admission of which the defendant objected on the ground that it was not the best evidence, it having been shown that the original deeds were in existence and no notice given to produce them, but it also having been shown by the evidence of the defendant himself that the deeds were not in the power of the plaintiff, but in the control and possession of the defendant. The objection was overruled and the deeds admitted in evidence. There was no error in this. The deeds were acknowledged and recorded as required by statute, Revised Statutes 1899, section 933, which provides that, "When . . . it shall be shown to the court by the oath . . . of anyone knowing the fact,

that such instrument is  . . .  not within the power of the party wishing to use the same, the record thereof . . . may be read in evidence without further proof.'' Nor was there any error in introducing them on the defendant's cross-examination.  The order in which evidence may be introduced is largely within the discretion of the trial judge, and there was no abuse of that discretion in this instance.

From what has been said it is apparent that the court committed no error in refusing defendant's instruction in the nature of a demurrer to the evidence, and as to the preponderance thereof, the verdict of the jury, approved by the trial judge, is conclusive upon this court.  Finding no reversible error in the record in the trial of the case, the judgment of the circuit court will be affirmed, and it is so ordered.  All concur.