A. D. HUFFMAN and ETTA HUFFMAN, Appellants, v. R. A. BENITEZ and FANNY M. BENITEZ.—No. 39900.—196 S. W. (2d) 856.

Division One, October 14, 1946.

*L. H. Breuer* and *E. W. Allison* for appellants.

*Llyn Bradford* and *W. D. Jones* for respondents.

GANTT, J.—Action in two counts: the first to quiet title, the second in ejectment. It involves title to about six acres of land in Phelps County on U. S. Highway 63 and is a part of the N. E. Quarter of the N. W. Quarter of Sec. 23, Twp. 37, N, Range 8, W, lying between the west right-of-way line of 63 and the west line of the north-east quarter of the northwest quarter of said section.

Plaintiffs claim title to the six acres under a deed executed by the executor of the will of John Hoffman, deceased. Defendants claim title to the six acres under an admeasurement of dower to the widow of John Hoffman by commissioners appointed by the circuit court. The parties waived a jury and submitted the case on an agreed statement of facts. Judgment for defendants on both counts and plaintiffs appealed. The agreed statement follows:

On February 5, 1941, John Hoffman of Phelps County, Missouri, died testate, owning at the time of his death the following described real estate situate in the County of Phelps and State of Missouri, to wit: all of the Northwest quarter of Section 23, all in Township 37, Range 8, West, containing 160 acres.

It is agreed and stipulated that the said John Hoffman is the common source of title of the tract of land involved in this controversy. By the terms of his will, which was duly filed in the Probate Court of Phelps County, Missouri, on February 7, 1941, his widow, Mary Hoffman, was devised the dower and homestead rights conferred upon her under the statutes of Missouri and the testator's four children by a former marriage, being his only children or heirs at law were devised the remainder of his estate to be shared equally between them subject to the dower estate of the widow. Fred H. Lentz of Rolla, Missouri, was designated in the will as executor, qualified as such, and was granted letters testimentary in the Probate Court of Phelps County, on February 7, 1941. The only children of John Hoffman,

all of whom were named in the will as remaindermen, were Herbert A. Hoffman, Arthur Hoffman, Elmer Hoffman, and a daughter, Mrs. Alfred Schumacher.

At the September Term, 1941, of the Circuit Court of Phelps County, Missouri, a proceeding was filed by the executor under the will to set off and admeasure the dower of the widow, Mary Hoffman. In this proceeding the executor was the plaintiff and Mary Hoffman, Herbert A. Hoffman, Arthur Hoffman, Elmer Hoffman and Mrs. Alfred Schumacher were named as defendants, all of whom made default to the action. The Circuit Court designated Emil Mesko, Fred Hertlein and William Bachert as commissioners to set off and admeasure the widow's dower and said commissioners on the 4th day of September, 1941, filed their report in Court, setting out the widow's dower out of the 160 acre tract owned by the said John Hoffman common source of title as aforesaid, at the time of his death, as follows:

That the said widow shall have as her dower the Northwest 40 acres of said tract of land, the same being the Northwest Quarter of the Northwest Quarter of Section 23, Township 37, Range 8, in Phelps County, Missouri, including the buildings, except the small house thereon, which the heirs of the said John Hoffman may remove if they so desire, but said house not to be occupied by them on its present location on the land set aside as the widow's dower; the said tract of 40 acres herein being set aside as the widow's dower, being surrounded on the North by a county road, and on the East by Highway 63, the said widow to have a life estate in the aforesaid 40 acres, the same being by us considered to be 1/3 of the value of the entire tract of land described in plaintiff's petition as follows: all of the North Half of the Northwest Quarter of Section 23, and all the South Half of the Northwest Quarter of Section 23, all in Township 37, Range 8, and consisting of 160 acres.

At the September Term, 1941, of said Circuit Court of Phelps County, Missouri, the report of such commissioners was duly approved and confirmed, and the widow's dower was accordingly admeasured in a final judgment made and entered a record all in accordance with such report of the commissioners and the description of the widow's dower as therein set out.

Subsequent to the rendition of such judgment in Circuit Court admeasuring the widow's dower but during the month of September, 1941, Fred H. Lentz, executor of the estate of John Hoffman, deceased, filed his petition in the Probate Court of Phelps County seeking an order to sell real estate that had not been set aside for the widow's dower, in order to pay certain debts and claims allowed against the estate including the amount allowed by the Probate Court to the widow, Mary Hoffman, for one year's support, the personal property being insufficient to satisfy said claims. Said petition to sell real estate so filed by the executor in the Probate Court as aforesaid set out

and alleged that at the September Term, 1941, of the Circuit Court of Phelps County, Missouri, in an action filed by said executor that the dower of the widow, Mary Hoffman, was set out and admeasured out of the lands owned by the deceased at the time of his death; and said petition for the sale of said real estate to pay the debts and claims against said estate prayed for an order authorizing the executor to sell real estate not included in the tract set aside as the widow's dower, the tract therein sought to be sold being described as follows:

All of the Northeast Quarter of the Northwest Quarter of Section 23; and all of the South Half of the Northwest Quarter of Section 23, all in Township 37, Range 8, West, containing 120 acres and all in Phelps County, Missouri.

It is further stipulated and agreed that the required notice of the filing of the said petition was duly published as required by law and that on October 28, 1941, an order for the sale of such real estate so described in the executor's petition and included in the notice was made and granted in the Probate Court of Phelps County and notice of such intended sale was duly published as required by law advising that said sale would be held on November 28, 1941, said notice setting out and describing the land to be sold by the same description as set forth in the executor's petition for such sale.

It is further stipulated and agreed that said sale was duly held by said executor in ▆▆▆▆ accordance with the notice and the order in Probate Court and that at public vendue the planitiffs, A. D. Huffman and Etta Huffman, his wife, being the highest bidders for cash in hand, bid in and purchased the land sold for the price and sum of $1,800.00, paid by them and as such purchasers they received an executor's deed setting out and containing the same description as set forth in executor's petition and the notices duly published, being as follows:

All of the Northeast Quarter of the Northwest Quarter of Section 23; and all of the South Half of the Northwest Quarter of Section 23, all in Township 37, Range 8, West, containing 120 acres and all in Phelps County, Missouri.

In the inventory of the estate of John Hoffman, deceased, made in the Probate Court after the granting of letters testamentary, the 160 acres owned by him was appraised at the sum of $7,000.00.

A final settlement in the administration of the estate of John Hoffman, deceased, was made by Fred H. Lentz, executor, on February 23, 1942, duly approved by the Probate Court, and the said Fred H. Lentz was thereby discharged as such executor.

Dr. R. A. Benitez and Fanny M. Benitez, his wife, the defendants in this cause, have succeeded to the rights of the widow, Mary Hoffman, as to her life estate in the tract of land set aside as her dower and the estate in remainder of the four heirs at law and devisees, the same being the children of John Hoffman, deceased, defendant's interest

and claim of ownership arising from quit claim deeds duly executed and delivered to them for a valuable consideration in the year 1945. All of the quit claim deeds so executed and delivered to the defendants conveyed the following real estate to said defendants:

The Northwest Quarter of the Northwest Quarter of Section 23, Township 37, Range 8, together with all building, improvements and fixtures thereon, said tract of land being surrounded on the North by County road and on the East by Highway 63, which, being the land set aside by the Circuit Court of Phelps County, Missouri, at the September Term, 1941, as the dower of the widow of John Hoffman, deceased, and containing 40 acres more or less.

With reference to the description of the dower right set aside to the widow by the commissioners and in the judgment of the Circuit Court confirming such report of the commissioners, it now develops that Highway 63 is not the boundary line between the Northwest Quarter and the Northeast Quarter of the Northwest Quarter, but said Highway is approximately 30 or 40 feet east of the East line of the Northwest Quarter of the Northwest Quarter and encroaches to that extent of the West side of the Northeast Quarter of the Northwest Quarter of said Section 23, Township 37, Range 8, in Phelps County, Missouri. In the pleadings filed by the parties it is apparent that the only tract of land in dispute is that part of the Northeast Quarter of the Northwest Quarter between Highway 63 and the boundary line between said Quarter Sections of the North Half of the Northwest Quarter. The defendants claim to own in addition to the 40 acres included in the Northwest Quarter of the Northwest Quarter, that part of the Northeast Quarter of the Northwest Quarter east of the boundary line and west of Highway 63. The true line between the Northwest Quarter and the Northeast Quarter of the Northwest Quarter runs through the front part of the main house; and the front yard of the house extends to Highway 63. Plaintiffs claim to own West of Highway 63 to the true line between such Quarter Sections; in other words, plaintiffs claim to own the entire Northeast Quarter of the Northwest Quarter which would mean that their land would extend to and include a part of the main house which was the mansion house of the deceased, John Hoffman. The plaintiffs claim to own three 40 acre tracts being the South Half of the Northwest Quarter and the Northeast Quarter of the Northwest Quarter making a total of 120 acres. The South Half of the Northwest Quarter is admittedly owned by the plaintiffs. If Highway 63 be adjudged to be the East boundary of the defendant's land, plaintiffs own something like 6 acres less than 120 acres and defendant's own something like 6 acres more than the 40 acres strictly included within the Northwest Quarter of the Northwest Quarter. If plaintiffs' claim is correct the widow, Mary Hoffman, and defendants as her successors in interest would not have the use and benefit of the main

building being the mansion house, as the front yard and a part of the house would not be included within the widow's dower.

It is further stipulated and agreed that Highway No. 63 is a permanent hard surface State Highway and has the same location at the present time with reference to the property involved in this case as it had at the time the commissioners appointed by the Circuit Court admeasured the widow's dower and which was incorporated in the judgment admeasuring such dower.

It is agreed that Highway No. 63, as it passes through the 160 acre tract of land owned by John Hoffman common source of title, does not run due North and South but at a slight angle so that the course of said highway as it proceeds through the Northeast quarter of the Northwest quarter and the Southeast quarter of the Northwest quarter runs in a Northwestern and Southeastern direction rather than due North and South.

Plaintiffs contend that the acreage and governmental monuments named in the commissioners' report are controlling. We do not think so. In cases of this kind the land admeasured as dower must be determined by the intention of the commissioners, as disclosed by the commissioners' report considered as a whole.

The report states that the land admeasured to the widow is surrounded on the north by a county road, and on the east by a state highway. Of course, the land could not be "surrounded" on either the north or east by a road. As used, the word "surrounded" means bounded. The plat in evidence shows that the east two-thirds of the forty acres mentioned in the report is bounded on the north by a county road, which then turns diagonally northwest. Defendants claim no land north of the north line of this forty acres. Further consideration of the north boundary is unnecessary. The controversy is with reference to the east line of the land admeasured to the widow. The west line of the highway does not follow the east line of the Northwest forty mentioned in the report. The highway comes into the northeast forty from the south on a curve, and in proceeding northward leaves the six acres in controversy between the west line of the northeast quarter and the west line of the state highway. It is clear that the commissioners did not intend to limit the admeasurement of dower to the northwest forty acres, for they stated in the report that the admeasurement included the buildings. In other words, they were not sure that the residence on the farm was located on the forty acres mentioned in the report. Furthermore, to be sure about the matter, they fixed Highway 63 as the east boundary line of the land admeasured to the widow as dower. It will be noted that in the agreed statement of facts it is stated that the east boundary line of the forty acres mentioned in the report runs through the residence. It is not conceivable that the commissioners would admeasure to the widow as dower only a part of the residence, which would deny her the use of the

residence and access to the highway over the front yard. Furthermore, they considered the residence and the land extending to the highway to be a one-third value of the farm. Considered as a whole, the report of the commissioners admeasured the six acres in controversy to the widow as dower.

The misconstruction of the commissioners' report by the executor, which caused him to advertise all of the northeast quarter for sale to pay debts and the execution of a deed to plaintiffs purporting to convey said land does not in any way reduce the widow's dower as admeasured by the report of the commissioners.

Plaintiffs cite cases as follows: Gibson v. Bogy, 28 Mo. 478; Patton v. Fox, 179 Mo. 525, 78 S. W. 804; Rutherford v. Tracy, 48 Mo. 325; Thomson v. Thomson, 115 Mo. 56, 21 S. W. 1085, 1128; Calloway v. Henderson, 130 Mo. 77, 32 S. W. 34; Presnell v. Headley, 141 Mo. 187, 43 S. W. 378; Whitaker v. Whitaker, 175 Mo. 1, 74 S. W. 1029; Carter v. Foster, 145 Mo. 383, 47 S. W. 6; Blumenthal v. [860] Blumenthal, 251 Mo. 693, 158 S. W. 648; Jamison v. Fopiano, 48 Mo. 194; Pruitt v. Drainage District et al., 341 Mo. 120, 106 S. W. 2d 467; Ohlson v. Batterton, 230 S. W. 110.

The cited cases do not change the rule, that in cases of this kind the intention of the commissioners, as disclosed by the report as a whole, is conclusive.

The trial court correctly ruled the case, and the judgment is affirmed. All concur except *Clark, J.,* absent.